**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ellen BUCKNER, Defendant–Appellant.**

**No. 92–4148.**

United States Court of Appeals,
Sixth Circuit.

Submitted Aug. 12, 1993.

Decided Nov. 4, 1993.

Terry Lehmann (briefed), Anthony Nyktas, Office of the U.S. Atty., Cincinnati, OH, for plaintiff-appellee.

Stephen R. Felson (briefed), Cincinnati, OH, for defendant-appellant.

Before: MERRITT, Chief Judge; BOGGS, Circuit Judge; and ENGEL, Senior Circuit Judge.

MERRITT, Chief Judge.

Defendant Ellen Buckner appeals her sentence imposed under the United States Sentencing Guidelines (1991), following her guilty plea to a charge of bank fraud under 18 U.S.C. § 1344. The Sentencing Guidelines require a determination of the amount of loss to the victims before a sentence may be imposed. The district court made no such finding, and we therefore vacate the sentence and remand the case for resentencing.

## I.

Buckner discovered that by using the names and social security numbers of various family members and of customers at her place of employment, she could obtain loans otherwise unavailable to her. She ultimately collected over $202,000 for the purpose, among others, of putting her five children through college. She made regular payments on each of the obligations, and was apprehended only after one of the people whose name she had appropriated tried to refinance a mortgage on her home and discovered a series of unauthorized loans in her name. When confronted by investigators, Buckner agreed to cooperate, but continued to conduct fraudulent activities during April and May. She pled guilty to bank fraud in violation of 18 U.S.C. § 1344 in June, and was sentenced October 16, 1992 to 24 months' imprisonment and five years' probation, based on a Sentencing Guideline offense level score of 12[1] and a criminal history score of II.

## II.

At issue here is the meaning of the word "loss" in U.S.S.G. § 2F1.1(b)(1), which adds to the base offense level for *Fraud and Deceit* of 6 in the following manner: "(1) If the loss exceeded $2000, increase the offense level as follows ... (I) More than $200,000— add 8." Defendant contends that "loss" should be interpreted as *actual* loss, not gross receipts. When counsel for defendant tried to address this at the sentencing hearing, the district court stated: "The question of amount really doesn't interest me, the amount repaid. And I would advise you that that is not a controverted matter that will be taken into consideration in the matter of sentencing." J.A. at 47–48. The district court accepted the presentence report's eight-point offense level enhancement corresponding to a loss of more than $200,000.

Defendant objected to the presentence report, claiming that she had repaid approximately $127,000 on the loans, which amount should be subtracted from the losses of the financial institutions. The Probation Officer's Response stated that "each [bank] representative was advised by the Probation Officer to report only the actual dollar loss ... excluding interest, penalties or other administrative charges.... [T]he representatives of the financial institutions submitted a total loss of $172,621.31."

*United States v. Chichy*, 1 F.3d 1501 (6th Cir., 1993), raises the same question we now have before us. There a panel of this court construed Application Note 7 of U.S.S.G. § 2F1.1, as amended November 1, 1991. That note provides in relevant part:

**(b) Fraudulent Loan Application and Contract Procurement Cases**

In fraudulent loan application cases and contract procurement cases where the defendant's capabilities are fraudulently rep-

---

1. The total offense level of 14 was reduced by 2 for acceptance of responsibility.

resented, the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss). For example, if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered, or can expect to recover, from any assets pledged to secure the loan.

The court in *Chichy* was reviewing the sentences of two defendants convicted of defrauding the Federal Housing Administration through the use of false income and employment documentation. The court held that "[defendants'] base offense levels should have been increased based on the actual or expected loss to HUD–FHA ($70,000–$120,000), and should not have been increased based on the total mortgage proceeds of all the loans...." *Chichy*, 1 F.3d at 1508.

■■■ We conclude that "defendant's capabilities" as used in the Application Note means ability to pay. A financial institution's determination of this ability to pay is based on the identity of the borrower as well as on the stated value of any collateral. Application Note 7 is thus applicable to this case, and the example it cites is instructive: the victim's "loss" means *actual* loss, "the amount of the loan not repaid at the time the offense is discovered." Since the district court explicitly refused to consider the amount of any repayment made by defendant prior to the discovery of the fraud, the required finding of actual loss was not made, and a remand is necessary. See also *United States v. Khan*, 969 F.2d 218, 220 (6th Cir. 1992) ("offense level may not be increased on the basis of an estimated fraud loss when no actual loss is possible").

Defendant also contends that the sentence violated the *ex post facto* Clause of the Constitution because some of her fraudulent loans were obtained prior to November 1, 1989, when the Fraud provisions were amended (prior to that, the offense level was increased only 7 points for a loss of $200,000 to $500,000). Since our decision to remand the case for resentencing does not settle this issue, we address it now.

■■■ We find defendant's argument unpersuasive. When an offense begins before but continues after the effective date of a Guideline or amendments thereto, the most recent Guideline applies. *See United States v. Barger*, 931 F.2d 359, 365 (6th Cir.1991) (conspiracy). We have held that sentencing under the most recent Guideline for a continuing offense does not violate the *ex post facto* Clause. *United States v. Walton*, 908 F.2d 1289, 1299 (6th Cir.), *cert. denied*, 498 U.S. 990, 111 S.Ct. 532, 112 L.Ed.2d 542 (1990). We conclude that the fraudulent activity at issue here constitutes a continuing offense. Defendant pled guilty to a single violation of 18 U.S.C. § 1344, which applies to whoever "executes, or attempts to execute, a scheme ... to defraud a financial institution." Although there were multiple victims, they were defrauded through a single scheme. The character of their losses did not change when the Guideline was amended. The Guidelines in effect at the date of sentencing therefore apply to the entire scheme of bank fraud to which defendant pled guilty, whether or not the individual fraudulent loans were initiated before or after November 1, 1989.

## III.

Because defendant's sentence must be based on the actual loss incurred by the defrauded financial institutions, and no finding concerning the amount of this loss was made by the sentencing court, we VACATE defendant's sentence, and REMAND for resentencing in accordance with this opinion.