23 F.3d 409
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Alec J. HIRSCH, Defendant-Appellant.
 Nos. 93-5864, 93-5865.
 United States Court of Appeals, Sixth Circuit.
 April 20, 1994.
 
 Before: JONES, BOGGS, and DAUGHTREY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant-Appellant Alec J. Hirsch appeals the sentences imposed following his pleas of guilty to bank fraud, making false statements to the Small Business Administration, and making false statements to a federally insured bank. He withdrew his objections to the presentence report; accordingly, most of the issues in this appeal are waived in the absence of plain error. Finding no such error, we affirm the judgment imposing sentence, though we modify the judgment to clarify the conditions under which Hirsch owes restitution.
 
 
 2
 * Hirsch and his wife controlled a company called Melancy Plum, Inc., which specialized in manufacturing women's accessory items. Hirsch served as chief executive officer. In November 1988, Hirsch applied for a $150,000 loan from the First National Bank of Louisville ("the bank") that was guaranteed by the Small Business Association ("SBA"). The SBA approved the loan, and the bank disbursed the funds. At the same time, the bank also approved a line of credit in the amount of 80% of the company's accounts receivable, up to a maximum of $500,000. The company agreed to submit monthly reports of its accounts receivable, so that the bank could calculate the loan limit. In March 1989, the bank raised the borrowing limit to $750,000, still subject to the accounts receivable requirement. At this time, the company began submitting reports falsely showing that the total sum of the accounts was larger than it in fact was. These false statements permitted the company to borrow amounts above the actual 80% limit. In August 1989, the bank asked the SBA to guarantee a $100,000 loan for Melancy Plum. In support of its loan application, Melancy Plum submitted a falsified balance sheet as well as false invoices showing that two companies owed it significant amounts of money.
 
 
 3
 Investigators interviewed several of Hirsch's employees who admitted to preparing the above false financial statements and reports at Hirsch's direction. The employees also stated that Hirsch submitted the reports to the bank and instructed his employees to submit them to bank auditors. Investigators claim to have discovered that Hirsch had both real financial statements and deceptive ones prepared; Melancy Plum would not have been eligible for the loans if Hirsch had filed the legitimate documents.
 
 
 4
 In December 1992, Hirsch pled guilty to six federal charges: three counts of bank fraud in violation of 18 U.S.C. Sec. 1344; two counts of making false statements to the SBA in violation of 18 U.S.C. Sec. 1001; and one count of making false statements and reports to a federally insured bank in violation of 18 U.S.C. Sec. 1014. As part of the plea bargain, the government agreed to recommend the minimum sentence and fine in the applicable guideline range and not to oppose a sentence reduction for the acceptance of responsibility.
 
 
 5
 Hirsch raised objections to his presentence report, and on April 26, 1993, the district court conducted a sentencing hearing regarding Hirsch's objections. At the hearing, Hirsch testified that the company comptroller instigated the filing of false reports. Hirsch acknowledged that the comptroller had provided a sworn statement that Hirsch was the instigator. Sentencing was continued on May 13, 1993. At the beginning of that hearing, Hirsch withdrew all his objections to the presentence report. His counsel explained that Hirsch had made statements at the earlier hearing that "would be susceptible to possible misinterpretation." J.A. at 96. The government attorney stated:
 
 
 6
 I would like the record to reflect that the United States was prepared to call no fewer than five witnesses; and I believe it would directly rebut that which Mr. Hirsch testified to at the last occasion, which I think would expose him to increases in Sentencing Guidelines under obstruction of justice and would subject him to possible prosecution for perjury.
 
 
 7
 J.A. at 96-97.
 
 
 8
 The district court then determined Hirsch's sentence in the following manner. Under Sec. 2F1.1(a) of the Sentencing Guidelines, the base offense level for "offenses involving fraud or deceit" is six. Under Sec. 2F1.1(b)(1), that level is increased based on the monetary loss involved; the court applied to Hirsch a ten-level enhancement for causing a loss of between $500,000 and $800,000. The court then enhanced the sentence by two additional levels under Sec. 2F1.1(2)(A) since the offense involved more than minimal planning,[1] and it granted a two-level reduction for acceptance of responsibility pursuant to Sec. 3E1.1. Since Hirsch fell into the lowest criminal history category, the resulting total offense level of 16 mandated a sentence of 21-27 months. The court sentenced Hirsch to 25 months on each count, to run concurrently. The court also ordered restitution paid to the bank and to the SBA.
 
 
 9
 Because Hirsch withdrew his objections to the presentence report, this case stands as if he failed to object to the report and thus did not raise any objections before the district court. Where the defendant did not allege a misapplication of the Guidelines before the district court, this court will not address his claim absent plain error. United States v. Fountain, 2 F.3d 656, 669-70 (6th Cir.), cert. denied, 114 S.Ct. 608 (1993); United States v. Nagi, 947 F.2d 211, 213 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992); see also Fed.R.Crim.P. 52(b). Plain error is an error that seriously affects the fairness, integrity, or public reputation of judicial proceedings. United States v. Chalkias, 971 F.2d 1206, 1212 (6th Cir.), cert. denied, 113 S.Ct. 351 (1992). Plain error is only found in order to prevent a miscarriage of justice. Id.
 
 II
 
 10
 The sentencing court used the 1992 edition of the sentencing guidelines in determining Hirsch's sentence, but Hirsch claims that the 1988 edition should have been used instead. Under the version of Sec. 2F1.1(b)(1) in force through the 1988 edition, Hirsch would have received a sentencing enhancement of eight levels for causing a loss of $721,417.90. As of the 1989 version of the Guidelines, which went into effect on November 1, 1989, the same amount of loss demands an enhancement of ten levels. See U.S.S.G.App.C (amendment 154). This is the enhancement that Hirsch received.
 
 
 11
 When the Guidelines in effect at the time of sentencing provide for a higher range than those in effect at the time the crime was committed, an ex post facto problem exists and the court must not impose a sentence in excess of that allowed by the older Guidelines. United States v. Nagi, 947 F.2d 211, 213 n. 1 (6th Cir.1991). In this case, however, Hirsch's fraudulent scheme occurred between September 1, 1988, and March 31, 1990. See J.A. at 5-12 (indictment); J.A. at 35-38 (presentence report).[2] His conduct therefore occurred under both the old guideline and the new guideline. "When an offense begins before but continues after the effective date of a Guideline or amendments thereto, the most recent Guideline applies." United States v. Buckner, 9 F.3d 452, 454 (6th Cir.1993). Such sentencing for a continuing offense does not violate the ex post facto clause. Id.; United States v. Walton, 908 F.2d 1289, 1299 (6th Cir.), cert. denied, 498 U.S. 906, 989, 990 (1990). Thus, the district court was correct in using the amended Sec. 2F1.1(b)(1). The fact that the court used the 1992 version instead of the 1989 one is irrelevant, since the Guideline has not been amended since 1989 in a manner that affects Hirsch's sentence.
 
 III
 
 12
 The presentence report calculates the monetary loss by the SBA and the bank as $721,417.90, and Hirsch claims that this figure was improperly calculated under Sec. 2F1.1. Principally, Hirsch claims that the trial court did not provide analysis supporting that figure. However, because Hirsch withdrew his objections to the presentence report, the district court did not need to rule on this issue other than by adopting the report's calculation. Hirsch has presented no evidence that the monetary loss is such a great or obvious error that the district court should have realized it without Hirsch's objection, nor anything to convince us that manifest injustice has resulted.[3] Thus, there is no plain error in the court's calulation of loss. We note that at Hirsch's first sentencing hearing, there was a colloquy before the judge concerning the amount of loss and where it derived from, showing that the judge did have the issue brought to his attention.
 
 IV
 
 13
 As part of Hirsch's sentence, the district court ordered that he pay restitution to the bank of $581,352.21 and to the SBA of $55,000. The transcript of the hearing makes clear that these amounts were meant to reflect the actual amounts owed to these entities. In fact, the $55,000 figure reflects a settlement between the SBA and Hirsch in bankruptcy court, even though the loan balance was considerably higher. Also, the court stated that Hirsch could make payments on the loan owed to the bank in accordance with an existing payment agreement.
 
 
 14
 Hirsch's brings three challenges to the restitution judgment. First, he claims that the district court did not make required findings regarding his ability to pay the restitution. However, all that is required is that "the record must contain some indication that the sentencing court considered the defendant's financial condition in ordering restitution. We have never held that the court must make findings on the defendant's financial condition, and it is clear that the statute [18 U.S.C. Sec. 3580] does not require findings." United States v. Purther, 823 F.2d 965, 969 (6th Cir.1987) (citation omitted). Rather, "where the court has the required information before it, and the defendant is given an opportunity to challenge such information, no specific findings need be made on the record." United States v. Padgett, 892 F.2d 445, 449 (6th Cir.1989); see United States v. Tosca, --- F.3d ----, 1994 WL 85617 (6th Cir.1994) (affirming imposition of fine where the district court made no particularized findings and the defendant did not object). In this case, the presentence report contained an analysis of Hirsch's financial condition, showing a surplus of over $300 of monthly income even after he paid his family expenses and made loan payments. J.A. at 43.
 
 
 15
 Second, Hirsch claims the district court erred in not making findings as to whether the victims had been compensated for their losses. However, the sentencing transcript indicates that the court meant for Hirsch to repay the amounts owed--no more, no less. J.A. at 101-03. Specifically, the court stated that "[t]he defendant will receive credit for any sums which would be realized by the bank and any exercise of any lien rights it may have in recovering the sums from others." J.A. at 102; accord J.A. at 105. Thus, the court meant that if the bank recovers funds on the loan from another source, including equity or collateral, Hirsch is not liable for that extent of the restitution. There is a technical problem, however. The court's judgment does not state this reservation; it merely states the restitution owed. J.A. at 56. This problem is not subject to waiver for the reason that Hirsch withdrew his objections to the presentence report, for it is a clerical error that occurred after the sentencing hearing, not an issue that Hirsch could have objected to at the hearing or before. The government concedes that the district court meant this condition to apply and that the sentencing judgment could be modified by this court to do so. Government Br. at 14-15. We therefore modify the district court's judgment to read that Hirsch's restitution obligation be reduced to the extent of any sum that the bank or the SBA lawfully recovers to satisfy the loan obligations that Hirsch fraudulently obtained. See United States v. Golomb, 811 F.2d 787, 792 (2d Cir.1987) (where the court "acknowledged the possibility that the [victim] would soon be reimbursed by [a third party], but ... neglected to account for this contingency in the final order of judgment[,] ... the restitution order should be modified" rather than vacated).
 
 
 16
 Finally, Hirsch argues that the $55,000 bankruptcy settlement was meant to apply not just to his SBA obligation, but to his much greater obligation to the bank as well. It is entirely clear from the sentencing transcript that the amount was meant to address only the SBA loans and not the line of credit from the bank. Indeed, at sentencing Hirsch's counsel clearly acknowledged that the $55,000 was meant to settle a loss of $165,669.64, which was the amount outstanding on the SBA loans only. J.A. at 104.
 
 V
 
 17
 We MODIFY Hirsch's sentence to reflect that the restitution obligation is to be reduced to the extent of sums that the bank or the SBA recover to satisfy the money owed on the loans that Hirsch fraudulently obtained, for the district court clearly intended this result even though the final judgment does not say as much. We AFFIRM as modified the judgment imposing Hirsch's sentence.
 
 
 
 [1]
 Though the presentence report urged the court to enhance the sentence by an additional two levels because Hirsch was an "organizer or leader" of the criminal activity, the court chose not to do so on the ground that it would be double counting to apply that enhancement in tandem with the one for more than minimal planning
 
 
 [2]
 Hirsch points to one paragraph of the presentence report which alleges acts that ended on October 10, 1989. However, he pled guilty to an indictment which alleged acts occurring through March 31, 1990, and other portions of the presentence report recognize this
 
 
 [3]
 Because Sec. 2F1.1(b)(1) demands that ten levels be added to the sentence of a defendant who caused a loss above $500,000 but less than $800,000, Hirsch's sentence would not decrease unless the court were have erred by at least $221,417.90 in determining the loss he caused