73 F.3d 362
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 Dino HOWARD, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 Nos. 95-1092, 95-1095.
 United States Court of Appeals, Sixth Circuit.
 Dec. 12, 1995.
 
 Before: KENNEDY, GUY and RYAN, Circuit Judges.
 
 ORDER
 
 1
 Dino Howard, a pro se federal prisoner, appeals a district court judgment denying his motion to vacate his sentence filed pursuant to 28 U.S.C. Sec. 2255. The cases have been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In February 1992, Howard pleaded guilty to conspiring to possess cocaine for distribution in violation of 21 U.S.C. Sec. 846. The district court sentenced him to 180 months of imprisonment. A panel of this court affirmed his conviction and sentence. United States v. Howard, No. 92-1566 (6th Cir. July 2, 1993).
 
 
 3
 In his motion to vacate, Howard argued that: 1) the district court improperly determined that an unconsummated sale of cocaine constituted relevant conduct; 2) the district court violated his due process rights when it placed the burden of proving "lack of ability" to consummate a drug transaction on him; 3) counsel rendered ineffective assistance; 4) the district court erred when it did not determine that he had personally reviewed his presentence investigation report (PSI); 5) the district court improperly determined the amount of cocaine attributable to him; 6) the district court should not have sentenced him pursuant to the sentencing guidelines; and 7) the district court did not make written findings regarding his objections to the PSI. The magistrate judge filed a report, recommending that the district court deny the motion as claim 4 had already been litigated, claims 1, 2 and 5-7 had not been presented on direct appeal, and claim 3 lacked merit. Over Howard's objections, the district court adopted the magistrate judge's recommendation and denied the motion.
 
 
 4
 Howard has filed two notices of appeal from both the memorandum opinion and the final judgment. On appeal, he reasserts his same claims.
 
 
 5
 Upon review, we conclude that the district court properly denied the motion to vacate. In order to obtain relief under Sec. 2255 on the basis of a constitutional error, the record must reflect an error of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. See Brecht v. Abrahamson, 113 S.Ct. 1710, 1722 (1993); United States v. Ross, 40 F.3d 144, 146 (7th Cir.1994). In order to obtain relief on the basis of nonconstitutional error, the record must reflect a fundamental defect in the proceedings resulting in a complete miscarriage of justice or an error so egregious that it amounted to a violation of due process. See Reed v. Farley, 114 S.Ct. 2291, 2300 (1994). Technical violations of the Federal Rules of Criminal Procedure and the federal sentencing guidelines will not warrant relief. See United States v. Timmreck, 441 U.S. 780, 783-84 (1979) (technical violation of Fed.R.Crim.P. 11); Scott v. United States, 997 F.2d 340, 342-43 (7th Cir.1993) (technical violation of sentencing guidelines).
 
 
 6
 Howard is barred from seeking relief on his claims enumerated 1, 2 and 5 through 7. These claims could have been but were not raised on direct appeal. Under these circumstances, in order to obtain review, Howard must demonstrate cause and prejudice to excuse his failure to raise these claims on appeal. See United States v. Frady, 456 U.S. 152, 167-68 (1982); Ratliff v. United States, 999 F.2d 1023, 1025 (6th Cir.1993). Howard has alleged no cause, and he can show no prejudice as his claims are without merit. (The cause and prejudice analysis does not apply to Howard's ineffective assistance of counsel claim, as that claim was not cognizable on direct appeal. See United States v. Goodlett, 3 F.3d 976, 980 (6th Cir.1993).)
 
 
 7
 The district court properly determined that Howard was responsible for 15-50 kilograms of cocaine. See United States v. Oleson, 44 F.3d 381, 385 (6th Cir.1995). The record reflects that Howard had been paid to count money from a drug transaction involving four kilograms of cocaine, and that he had negotiated another drug transaction for approximately 10-15 kilograms of cocaine. Contrary to Howard's argument, the district court properly considered the amount of cocaine from the unconsummated drug transaction. See USSG Sec. 2D1.4 comment (n. 1); United States v. Ferguson, 23 F.3d 135, 142 (6th Cir.), cert. denied, 115 S.Ct. 259 (1994).
 
 
 8
 The district court also properly placed on Howard the burden to establish that he lacked the ability or intent to complete the negotiated drug transaction, as the government had established that Howard had negotiated a drug transaction. See United States v. Nichols, 979 F.2d 402, 413 (6th Cir.1992).
 
 
 9
 The district court properly sentenced Howard pursuant to the sentencing guidelines because the guidelines apply to offenses occurring on or after November 1, 1987, including conspiracies that began before but continued past November 1, 1987. See United States v. Buckner, 9 F.3d 452, 454 (6th Cir.1993). Howard has not shown that he affirmatively withdrew from the conspiracy prior to the effective date of the guidelines. See United States v. Chambers, 944 F.2d 1253, 1269 (6th Cir.1991), cert. denied, 502 U.S. 1112 and 503 U.S. 989 (1992).
 
 
 10
 The district court substantially complied with Fed.R.Civ.P. 32 when it stated its findings regarding Howard's objections to the PSI at the sentencing hearing. See United States v. Rodriguez-Luna, 937 F.2d 1208, 1212-13 (7th Cir.1991).
 
 
 11
 The district court properly declined to review Howard's claim that it had erred when it did not determine that he had personally reviewed his PSI. A Sec. 2255 motion may not be employed to relitigate issues that have been fully litigated by this court absent highly exceptional circumstances, such as an intervening change in the law. See United States v. Prichard, 875 F.2d 789, 790-91 (10th Cir.1989) (per curiam); Stephan v. United States, 496 F.2d 527, 528-29 (6th Cir.1974) (per curiam), cert. denied, 423 U.S. 861 (1975). A panel of this court addressed and rejected Howard's challenge to the district court's alleged violation of Fed.R.Civ.P. 32 in his direct appeal. Howard, Case No. 92-1566 at * 8.
 
 
 12
 Finally, counsel rendered effective assistance. See Strickland v. Washington, 466 U.S. 668, 687 (1984). Howard has not shown that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial. See Hill v. Lockhart, 474 U.S. 52, 59 (1985). Although counsel filed an untimely motion to withdraw Howard's guilty plea, Howard suffered no prejudice because he had admitted his guilt in open court and had expressly denied being coerced into pleading guilty. Moreover, there was adequate evidence in the record that Howard had participated in the conspiracy. Thus, it appears that the district court would have denied the motion even if counsel had filed it earlier.
 
 
 13
 Counsel also rendered effective assistance when she objected to portions of the PSI at Howard's sentencing hearing. Although Howard stated that he had additional objections to the report which counsel did not raise, he did not identify them.
 
 
 14
 Accordingly, we hereby affirm the district court's judgment. Rule 9(b)(3), Rules of the Sixth Circuit.