Kenneth R. Brown, Salt Lake City, UT, for Defendant.

**UNITED STATES of America, Plaintiff,**

v.

**Gary Martin BANTA, Defendant.**

**No. 95–CR–190 G.**

United States District Court, D. Utah, Central Division.

Feb. 22, 1996.

## MEMORANDUM AND ORDER

BOYCE, United States Magistrate Judge.

The defendant, Gary Martin Banta, has made a motion for release, under 18 U.S.C. § 3143(b), pending appeal. Defendant pled guilty to one count of bank fraud under 18 U.S.C. § 1344. The count involved submitting a fraudulent loan application to a bank through an automobile dealership. The defendant has filed a notice of appeal and intends to challenge his sentence on the basis of the loss calculation. Defendant contends he should be released pending appeal under 18 U.S.C. 3143(b) because he meets the criteria for release and because he has raised an issue for which there is a substantial likelihood of a different sentence.

It is defendant's contention that the amount of the loss from the fraudulent loan should be diminished by the value of two vehicles he gave to the bank as collateral on the loan. The trial judge applied USSG 2F1.1 Application Note 7 in calculating the loss. That section in its relevant part provides . . . "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." The actual loss in this case is agreed to be at least $17,000. The intended loss is arguably more. The intended loss according to the prosecution was the amount of the bank loan application. The defendant, in essence, contends either (1) the intended loss did not include the collateral

provided as a part of a scheme, or (2) the intended loss should be automatically reduced by the amount of the collateral that was actually acquired by the victim to offset any loss.

The loss in the case was calculated in the presentence report based on the intent of the defendant. It was set at the amount of the loan that was fraudulently obtained. The sentencing court accepted the defendant's intent as the applicable standard without offset. The language of USSG 2F1.1 n. 7 is susceptible to this interpretation since it indicates intended loss is to govern over actual loss.[1] However, it does not appear to address the question of whether the defendant's intended loss should take into consideration his intent with regard to the collateral that would be claimed by the victim in the course of the scheme.

The defendant relies on *United States v. Wright,* 60 F.3d 240 (6th Cir.1995) for his contention he should be given credit for the recovered collateral. In that case, the defendant was convicted of obtaining three false bank loans based on false statements or reports. *Id.* p. 241. Defendant argued there was no intended loss (Id.). The Sixth Circuit noted the confusion in the USSG 2F1.1 n. 7 and commentary ¶ 7(b) which provides:

> In fraudulent loan application cases and contract procurement cases, the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss). For example, if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan. However, where the intended loss is greater than the actual loss, the intended loss is to be used.

The Sixth Circuit relying on *Stinson v. United States,* 508 U.S. 36, 113 S.Ct. 1913, 123 L.Ed.2d 598 (1993) found a conflict between the guideline, which requires a "loss"

calculation and the Commentary's intended loss standard, *Wright,* 60 F.3d p. 242. The court said loss should not include amounts that a bank can and does "easily recover by foreclosure, set off, attachment," etc. The court in *Wright* referred to *United States v. Buckner,* 9 F.3d 452 (6th Cir.1993) (loan repayments reduce loss) and *United States v. Lavoie,* 19 F.3d 1102 (6th Cir.1994) (loss does not include what the bank can recover from other assets).

In a strong dissent in *Wright,* Judge Batchelder found no inconsistency between the guideline and the 7(b) example. The example simply defines actual loss and restates intended loss as governing if it is greater. 60 F.3d at p. 243. It also seems reasonable to observe that § 2F1.1 does not define loss and the commentary defines it in terms of actual loss and intended loss. It could reasonably be concluded there is no inconsistency between the Guideline and the Commentary. However, the *Wright* case is a legitimate precedent to present to the Tenth Circuit for consideration. Consequently, defendant asserts that under 18 U.S.C. § 3143(b) there is a likelihood of a reduced sentence or of no imprisonment or that he will serve his imprisonment before the appeal process is completed. 18 U.S.C. § 3143(b)(1)(B)(iii) & (iv).

It is appropriate to consider the relevant Tenth Circuit cases. On the amount of loss, in *United States v. Santiago,* 977 F.2d 517 (10th Cir.1992) the court said the amount of the loss the defendant intends does not govern when the economic reality is that actual loss would exceed intended loss. This seems clear from the guideline's Commentary and the court's own comments on the applicable standard. The case does recognize a difference between actual and intended loss. However, the case was decided before the 1992 amendments to the Commentary to § 2F1.1. See also *United States v. Smith,* 951 F.2d 1164 (10th Cir.1991). But see *United States v. Sapp,* 53 F.3d 1100, 1104 (10th Cir.1995); *United States v. Smith,* 73 F.3d

---

1. The Sentencing Commission appears to be calculating the loss, and therefore the sanction, based on the extent of the defendant's culpable mens rea. This seems reasonable since the defendant's state of mind is more indicative of his blameworthiness than the more fortuitous circumstance of actual loss.

374 (unpublished table), 1996 WL 5549 (10th Cir.1996).

In *United States v. Haddock,* 12 F.3d 950 (10th Cir.1993) the court said intended or actual loss may be used for the loss enhancement.[2] The court concluded actual loss governs unless intended loss is greater. Where a loss is impossible (undercover sting operation) neither intended or actual loss is applicable *United States v. Galbraith,* 20 F.3d 1054 (10th Cir.1994). Accord *United States v. Sneed,* 34 F.3d 1570 (10th Cir.1994).

In *United States v. Smith,* supra 951 F.2d 1164 the court said the actual loss shall be determined by net value. However, the case is pre 1992 amendment and did not really address the intended loss standard. See also *United States v. Whitehead,* 912 F.2d 448 (10th Cir.1990).

The offset for return of money was used by the Seventh Circuit in *United States v. Holiusa,* 13 F.3d 1043 (7th Cir.1994). In the Fourth Circuit's decision in *United States v. Rothberg,* 954 F.2d 217, 219 (4th Cir.1992) the court allowed anticipated collateral to be used in determining actual loss. Again this is a pre 1992 Amendments case. However, in *United States v. Baum,* 974 F.2d 496, 498–99 (4th Cir.1992) the court said that where there was no evidence the defendants intended the full amount of their scheme (mortgage loss) and that the loss should only include the "potential consequences."

The Second Circuit has adopted a gross loss standard based on the full amount of the loan *United States v. Brach,* 942 F.2d 141 (2d Cir.1991). Accord *United States v. Willis,* 997 F.2d 407 (8th Cir.1993). However, recently in *United States v. Mau,* 45 F.3d 212 (7th Cir.1995) the court said an offset to intended loss could be made by the value of the collateral the bank has or expects to gain at the time of the fraud.

In *United States v. Kunzman,* 54 F.3d 1522 (10th Cir.1995) the court again examined § 2F1.1 and concluded the loss amount was properly based on the amount requested in the loan application. The defendant con-

tended that on a securities fraud charge he should have been given credit for $300,000 repaid to investors before the indictment. However, the court said the district court need not grant the offset where interest was not calculated in the loss. The court did not discuss or use § 2F1.1 in its conclusion on this issue since it was not applicable. It did not address any offset on the bank fraud charge. The court did uphold the loss on the fraudulent loan application as the amount of the intended loss, referring to § 2F1.1 Application note 7. But it does not appear from the evidence that there was an available offset for the loan application.

From the above cases it appears there is a conflict among circuits as to how an offset claim should be handled on an intended loss standard under § 2F1.1. See T.W. Hutchison and D. Yellen, *Federal Sentencing Law and Practice,* 2d Ed. pp. 270–273, (1994), (1995 Supp. pp. 59–61). The defendant has presented a substantial issue for appeal, and if successful it could result in a significant change in the defendant's sentence.

In this case, the court finds the defendant is not likely to flee. He has been released pending trial and sentencing and has made all court appearances. Further, he is not a danger to the community or to any person. He can be effectively monitored by conditions under the Bail Reform Act (18 U.S.C. § 3142 et seq.). He has shown by clear and convincing evidence that he is not a risk of flight or community danger. In addition, the possibility defendant may serve the imposed sentence of confinement before resolution of his appeal provides an "exceptional reason" for release under 18 U.S.C. § 3145(c). *United States v. Jones,* 979 F.2d 804 (10th Cir. 1992).

In *United States v. Fisher,* 55 F.3d 481 (10th Cir.1995) the court indicated the trial court should rule on a defendant's request for stay and release before the defendant is transported to the custody of the Bureau of Prisons. In *United States v. Affleck,* 765 F.2d 944 (10th Cir.1985) it was held that the substantial question standard under 18

---

**2.** See also *United States v. Moored,* 38 F.3d 1419 (6th Cir.1994); *United States v. Smith,* 73 F.3d

374, supra.

U.S.C. § 3143(b) requires, first, a finding that the legal issue for appeal is more than merely not frivolous. The standard must be that defendant's claim is substantial or close. Second, if the issue is determined in his favor reversal or different sentence is likely. The defendant has met the standard for release in this case under 18 U.S.C. § 3143(b). Therefore,

**IT IS HEREBY ORDERED** that the defendant, Gary Martin Banta, is released pending appeal. The previous conditions of his release remain in effect pending completion of the appellate process. The defendant need *not* appear for imprisonment until further order of the court.