**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 07a0673n.06
Filed: September 12, 2007

**No. 06-6128**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| United States of America | ) | |
|     Plaintiff-Appellee | ) | ON APPEAL FROM THE UNITED STATES |
| | ) | DISTRICT COURT FOR THE MIDDLE |
| | ) | DISTRICT OF TENNESSEE |
| v. | ) | |
| | ) | **OPINION** |
| Stanley Jerome Green | ) | |
|     Defendant-Appellant | ) | |
| | ) | |

**BEFORE:** **SUTTON, McKEAGUE, Circuit Judges; and FORESTER, District Judge**[*]

**Forester, District Judge.** Following a jury trial in 2003, Stanley Jerome Green was convicted for conspiring to possess and utter counterfeit securities, possessing and uttering counterfeit securities, and bank fraud, resulting in a total sentence of 96 months of imprisonment. On appeal, his conviction was affirmed, but his sentence was vacated and remanded for resentencing pursuant to United States v. Booker, 543 U.S. 220 (2005). He now appeals his resentence to 96 months. For the reasons that follow, we affirm.

**I.    Background**

In March 2000, this Court affirmed Green's 1998 conviction and 37-month sentence for a counterfeit check cashing scheme. United States v. Green, 210 F.3d 373 (Table), 2000 WL 355640 (6th Cir. 2000). Shortly after being released from that conviction, Green embarked on the present counterfeit check cashing scheme that involved, at different times from August 2000

---

[*]The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation.

through February 2002, a total of nine participants. His second conviction was affirmed, but the sentence remanded. He was resentenced in August, 2006 with the court imposing a sentence of 60 months' imprisonment on the conspiracy count and 96 months' imprisonment on Counts 2-11 of the indictment, to run concurrently. He now appeals this resentence. Additional facts are reserved for the analysis below.

**II.     Analysis**

Green raises five issues on appeal. First, he claims his Fifth and Sixth Amendment rights were violated when his sentence was enhanced through judicial fact finding using a preponderance of the evidence standard. Second, Green challenges a four-point enhancement for his role in the offense. Third, he argues that application of the 2002 United States Sentencing Guidelines ("U.S.S.G." or "Guidelines") violated the Ex Post Facto Clause. Fourth, he claims entitlement to a two-point reduction for acceptance of responsibility and, fifth, he claims his resentence is unreasonable.

A.     Standard of Review

Criminal sentences are reviewed under a reasonableness standard, which contains both procedural and substantive components. United States v. McGee, ___ F.3d ___, 2007 WL 1989017 at *5 (6th Cir. 2007). "A sentence may be procedurally unreasonable if the district judge fails to consider the applicable guideline range or neglects to consider the other factors listed in 18 U.S.C. § 3553(a), and instead simply selects what the judge deems an appropriate sentence without such required consideration." United States v. Borho, 485 F.3d 904, 908 (6th Cir. 2007) (quoting United States v. Collington, 461 F.3d 805, 808 (6th Cir. 2006)). "In addition, a sentence may be substantively unreasonable 'when the district court selects the sentence arbitrarily, bases the sentence on impermissible factors, fails to consider pertinent § 3553(a) factors or gives an

unreasonable amount of weight to any pertinent factor.'" Id. A "rebuttable presumption of reasonableness" is applied to sentences falling within the applicable Guidelines range. United States v. Williams, 436 F.3d 706, 708 (6th Cir. 2006); Rita v. United States, ___ U.S. ___, 127 S. Ct. 2456, 2462, 168 L.Ed.2d 203 (2007).

Challenges to the interpretation and application of the Guidelines are reviewed de novo, as are constitutional challenges. United States v. Katzopoulos, 437 F.3d 569, 573-574 (2006). Factual findings at sentencing are reviewed for clear error. Id. at 574.

B.      Judicial Fact Finding and Preponderance of the Evidence Standard

Green contends that the district court's factual determinations by a preponderance of the evidence regarding sentencing enhancements violated his Sixth Amendment right to trial by jury and his Fifth Amendment right to have charges reviewed by a grand jury. Brief for Appellant, pp. 12-14. He acknowledges that the Sixth Circuit has approved this procedure in United States v. Coffee, 434 F.3d 887, 898 (6th Cir. 2006) and United States v. Gates, 461 F.3d 703, 707-08 (6th Cir. 2006), but states that the United States Supreme Court has not ruled on the issue. He also notes that the Third Circuit in United States v. Kikumura, 918 F.2d 1084, 1101 (3rd Cir. 1990) disagreed with a preponderance standard when the enhancements have a disproportionate effect on the sentence.

The Government responds with numerous unpublished decisions of this Court and published decisions from many circuits that are consistent with Coffee and Gates. In Gates, the offense and enhancements were quite similar to Green's, and the same argument was rejected. 461 F.3d at 708. Additionally, the Sixth Circuit declined to follow Kikumura in United States v. Mayle, 334 F.3d 552, 557 (6th Cir. 2003). This Court is bound by controlling decisions of other panels. Salmi v. Secretary of Health and Human Services, 774 F.2d 685, 689 (6th Cir. 1985).

C.      Four-point Enhancement for Role in the Offense

Green objects to the four-point enhancement to his sentence as an organizer or leader on the grounds that there were not five or more participants in the criminal activity "at any given time." He separates the participants into each month of participation and argues there were not more than four in any one month.  Brief for Appellant, pp. 15-16.  He further objects to the district court's finding that the activity was "otherwise extensive."  Finally, he argues, alternatively, that a three-point enhancement as a manager/supervisor was more appropriate.

A district court's decision concerning a defendant's role in an offense is reviewed for clear error.  United States v. Gates, 461 F.3d 703, 709 (6th Cir. 2006).  "A district court's determination regarding a defendant's role in the offense is reversible only if clearly erroneous."  United States v. Davis, 306 F.3d 398, 423 (6th Cir. 2002).

In this case, the district court made the following findings regarding role:

[I]n terms of the organizer leader enhancement, I think that applies.  Mr. Green was the organizer and leader and controller of Ms. Carroga, Mr. Fanning, Ms. Simpson, Mr. Bishop and others, including the Rucker sisters.  And that's more than five.  In any event, it was otherwise extensive.  Mr. Green had a pretty sophisticated operation going, and it was quite extensive based on the facts introduced at trial.

J.A. 424.

The Government correctly notes that four of the participants testified at Green's trial that he provided them counterfeit checks and asked them to purchase merchandise for him with the checks.  Brief for Appellee, pp. 32-33.  Two of these participants identified at least four other individuals who passed counterfeit checks provided by Green.  Id.  Ms. Simpson testified that Green told her he could manufacture business checks for her to use to buy merchandise from Nashville merchants.  Green told her specifically what electronics to buy and said she could buy items for herself after she purchased the five items he wanted (J.A. 216-221).  Green altered Simpson's driver's license number so she could pass the checks with her own identification (J.A.

223). They shared most of the items purchased (J.A. 229). He also provided payroll checks for Simpson and the Rucker sisters to cash (J.A. 230-233). The Government points to substantial testimony at trial regarding Green's leadership role and items seized from his property. Brief for Appellee, pp. 3-20.

Under U.S.S.G. § 3B1.1, a base offense may be increased by four points "[i]f the defendant was an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." Nothing in this guideline requires all five participants to be involved in the criminal activity at the same time. To the contrary, Application Note 3 provides in part: "In assessing whether an organization is 'otherwise extensive,' all persons involved during the course of the entire offense are to be considered." U.S.S.G. § 3B1.1 cmt. n. 3 (emphasis added). This Court has held that the term "extensive" criminal activity focuses on "numerosity." United States v. Anthony, 280 F.3d 694, 700 (6th Cir. 2002). Green does not point to any authority in support of his position, and it is the opinion of this Court that the argument is without merit.

Green next complains that the district court failed to apply the three-point analysis in Anthony in determining the activity was otherwise extensive because no countable non-participant was identified. This claim is essentially the same as the preceding one relating to the number of participants at any given time and is equally without merit.

Finally, Green claims that cases involving similar criminal activity resulted in a three-point enhancement for manager/supervisor, rather than a four-point enhancement for leader/organizer. In support, Green points to United States v. Gates, 461 F.3d 703 (6th Cir. 2006), in which Gates received only a three-point enhancement. Gates, however, was the middleman between the persons passing fraudulent checks and Conley, who recruited Gates and directed the other coconspirators. Conley received a four-point enhancement as the organizer of the counterfeit check cashing conspiracy and an identical 96-month sentence. Id. at 707. Like Conley, Green was

the person at the top who recruited participants, provided the counterfeit checks and identification, and shared in the proceeds. The Government also relies on cases from other jurisdictions involving similar counterfeit check cashing schemes and activity that resulted in four-point enhancements: United States v. Robbio, 186 F.3d 37, 45 (1st Cir. 1999); United States v. Mijangos, 240 F.3d 601, 605 (7th Cir. 2001); and United States v. Suitor, 253 F.3d 1206, 1210 (10th Cir. 2001). We find that Green's claim lacks merit.

D.      Application of the 2002 Guidelines to Some Offenses Committed Prior Thereto

Green contends that the application of the 2002 Guidelines to his resentencing in 2006 violates the Ex Post Facto Clause of the United States Constitution. He claims that the 2000 Edition of the Guidelines should have applied to his offenses and that he was disadvantaged by use of the 2002 Edition. He notes that the punishment for fraud committed on or after November 1, 2001, was increased when Part F–Offenses Involving Fraud and Deceit was eliminated and consolidated with Part B–Basic Economic Offenses. Specifically, he says that in 2000, U.S.S.G. § 2F1.1 provided a six-level increase if the loss was more than $70,000, whereas U.S.S.G. § 2B1.1, which applies to bank fraud committed after November 2001, provided an eight-level increase. He also notes a two-point enhancement under §2F1.1(b)(3) for schemes to defraud more than one victim in the 2000 Edition, but a four-point enhancement under § 2B1.1(b)(2)(B) for offenses involving 50 or more victims. Green acknowledges that the 2001 - 2006 editions of the Guidelines are the same in this regard. Brief for Appellant, p. 22. He does not argue there was any increase in punishment after November 2001.

Green's counterfeit check cashing scheme and conspiracy began in August 2000 and continued through February 2002. He acknowledges this Court's decision in United States v. Buckner, 9 F.3d 452, 454 (6th Cir. 1993), that "[w]hen an offense begins before but continues after the effective date of a Guideline or amendments thereto, the most recent guideline applies." He

argues, however, that the United States Supreme Court has not considered the issue of "continuing offenses" such as conspiracy and application of the Ex Post Facto clause under those circumstances. Brief for Appellant, p. 24.

The United States relies on U.S.S.G. § 1B1.11 stating that a revised edition of the Guidelines is to be applied to both offenses when one is committed before and the second after the revised edition became effective. It also relies on this Court's decisions in United States v. Milton, 27 F.3d 203, 210 (6th Cir. 1994) (use only one manual); United States v. Buckner, 9 F.3d 452, 454 (1993) ("When an offense begins before but continues after the effective date of a Guideline or amendments thereto, the most recent Guideline applies"); and United States v. Hebeka, 89 F.3d 279, 285, (6th Cir. 1996) (sentencing Guidelines apply to a food stamp fraud scheme stretching over six years, during which Guidelines were adopted). Buckner involved a continuing bank fraud scheme and is controlling in this case. What is more, since Green received concurrent sentences on each of these counts (some of which warranted sentencing under the 2002 Guidelines), any error would be harmless.

E.     Denial of Two-point Reduction for Acceptance of Responsibility

In reviewing the denial of a decrease for acceptance of responsibility, this Court applies the overall deferential scope of review in Buford v. United States, 532 U.S. 59, 64-65 (2001). United States v. Bolden, 479 F.3d 455, 464 (6th Cir. 2007). "[W]ith respect to purely factual components of the acceptance of responsibility determination, we reject such determinations only if they are clearly erroneous." Id.

Because Green gave the government proffers on September 13 and 16, 2002, before trial, he argues he is entitled to a two-level reduction for acceptance of responsibility. Green claims he only went to trial because he believed he was not guilty of "bank fraud" in that he intended for merchants to bear the loss, not the banks. He acknowledges this Court's decision in United States

v. Reaume, 338 F.3d 577 (6th Cir. 2003), in which a reduction for acceptance of responsibility was unwarranted where the defendant admitted the underlying conduct but denied intent to defraud a bank.  Green attempts to distinguish that case factually on the basis that Reaume opened bank accounts and wrote checks against insufficient funds in the accounts, whereas Green purchased merchandise with counterfeit checks.

Reaume recognized that "under rare circumstances, a defendant may clearly demonstrate an acceptance of responsibility despite exercising his constitutional right to trial."  Id. at 583.  The example was a defendant going to trial "to assert issues that do not relate to factual guilt."  Id.  Reaume, like Green, claimed he  intended to defraud merchants, not banks.  This Court agreed with the government that Reaume's "specific intent to defraud the Bank is a factual matter" and was "an essential factual element of guilt."  Id.

In the present case, Green testified at his sentencing:

[B]asically I never committed bank fraud even though I got proven guilty by a jury. If you look at the element of the offense of bank fraud, I never committed it.  That was one of the reasons, the main reason I went to trial because look at the crime and look at the elements of the offense of bank fraud. ... You know, the mens rea, the actus reus I never committed any of that.

J.A. 425-426.

The Government urges that this is not one of those "rare circumstances" contemplated by U.S.S.G. § 3E1.1.  Green put the United States to its burden of proof on the essential factual elements of all counts, not just the bank fraud counts.  Moreover, his specific intent to defraud a financial institution was a factual matter.  The Government also relies on the following Sixth Circuit authority denying the reduction, in addition to Reaume:  United States v. Mahan, 190 F.3d 416, 426-27 (6th Cir. 1999) (defendant went to trial to contest factual guilt and continued to downplay role after conviction); and United States v. Chalkias, 971 F.2d 1206, 1216 (6th Cir. 1992)

(defendants who attempted to minimize their roles in a drug conspiracy before, during, and after trial were not entitled to reduction for acceptance of responsibility).

The district court denied the adjustment as follows:

> Mr. Green went to trial, and he hasn't truthfully admitted the offenses of conviction. In fact, he's continued to deny the essential facts dealing with the bank fraud and his role in the offense, so I am overruling the objection regarding acceptance of responsibility.

J.A. 414. We do not find that the district court was clearly erroneous in denying a reduction for acceptance of responsibility.

F.      Reasonableness of the Sentence

Green claims his sentence is substantively and procedurally unreasonable; however, his argument appears to focus on substantive unreasonableness for failure to give proper weight to § 3553(a) factors. Brief for Appellant, pp. 29-30. Green's sentence is within the Guidelines range of 77 to 96 months (J.A. 431) and, thereby, is entitled to a presumption of reasonableness. Williams, 436 F.3d at 708; Rita, 127 S.Ct. at 2462.

At the end of the sentencing hearing, the court said:

> Mr. Green, it is the judgment of the Court that the following sentence be imposed. I am going to commit you to the custody of the Bureau of Prisons to be imprisoned for a total term of 96 months. The reason for this is really what you had stated which is that you were convicted in this Court and [sic] matter of just a few months you engaged in the same conduct, and you are right back here before [sic]. That's the basis for the sentence. It is to promote respect for the law, reflect the seriousness of the offense and to protect the public and afford adequate deterrence.

J.A. 432.

Green claims the district court punished him for recidivism without considering other characteristics such as his rehabilitation in prison, his education, and his positive attitude. The factual evidence on which he relies, however, is post-sentencing conduct. J.A. 427-428, 498-528. This court has held that post-sentencing events or conduct cannot be considered under the limited

scope of a Booker remand. United States v. Worley, 453 F.3d 706, 709 (6th Cir. 2006); United States v. Keller, ___ F.3d ___, 2007 WL 2254442 at *7 (6th Cir. 2007). The district court acknowledged Green's post-sentencing rehabilitation and said, "I am pulling for you." J.A. 432. The district court's failure to rely on improper, post-sentencing conduct does not support vacating Green's sentence.

Green also argues that the district court failed to consider the disparity between his present sentence and his 37-month sentence in 1998 for similar conduct, as well as the substantially shorter sentences of his codefendants. The United States responds that the disparities between Green's sentence and those of his co-defendants were supported by Green's leadership role in the offenses, by his participation in the conspiracy from August 2000 through February 2002, by his failure to accept responsibility, and by the substantial assistance provided by his codefendants. Brief for Appellee, p. 48. This Court also notes that Green's sentence was significantly increased by other uncommon factors, such as a loss exceeding $70,000, more than fifty victims, commission of the offense while under criminal justice sentence, and commission of the offense within two years of release. J.A. 430, 441. In United States v. Gates, 461 F.3d 703, 707 (6th Cir. 2006), defendant Conley was the organizer of a counterfeit check-cashing conspiracy and received an identical sentence of 96-months' imprisonment. His cooperating manager and codefendant, Gates, was sentenced to thirty-two months. Id. at 706.

In the present case, the record reflects that the district court considered Green's legal and factual arguments regarding sentencing. J.A. 410-432. It rejected his arguments regarding judicial fact-finding and use of the 2002 Guidelines (J.A. 410-412), deleted paragraphs of the presentence report (J.A. 412-413), heard evidence regarding the number of checks and amount of the loss (J.A. 414-420), heard arguments and ruled on the enhancements (J.A. 423-424), heard Green insist that he never committed bank fraud but that he had been rehabilitated (J.A. 425-429), and articulated

that it considered the Guidelines and each of the § 3553(a) factors (J.A. 420-432). To the extent that Green claims his sentence was procedurally unreasonable, we disagree. A sentencing court is not required to analyze every frivolous and non-frivolous argument a defendant makes. United States v. McGee, ___ F.3d ___, 2007 WL 1989017, at *6 (6th Cir. July 11, 1007); United States v. Liou, 491 F.3d 334, 339, n. 4 (6th Cir. 2007) ("Rita contravenes such a strong technical requirement"). The district court demonstrated that it understood Green's claims but did not believe they outweighed other § 3553(a) factors that were more pertinent.

## III.    Conclusion

For the foregoing reasons, we AFFIRM the sentencing decision of the district court.