UNITED STATES of America, Appellee,

v.

James Glen JINDRA, Appellant.

No. 93–1942.

United States Court of Appeals,
Eighth Circuit.

Submitted Aug. 19, 1993.

Decided Oct. 5, 1993.

Joel C. Golden, Minneapolis, MN, argued, for appellant.

John M. Lee, Asst. U.S. Atty., Minneapolis, MN, argued, for appellee.

Before McMILLIAN, HANSEN, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

PER CURIAM.

James Glen Jindra appeals the 18–month sentence imposed by the district court[1] following his guilty plea to bank fraud. We affirm.

A grand jury returned a seven-count indictment charging Jindra with engaging in a scheme to defraud six Minnesota banks of $2.6 million between November 1, 1989, and October 1, 1991, in violation of 18 U.S.C. § 1344. Pursuant to a plea agreement, Jindra pleaded guilty to Count I of the indictment, and the government agreed to dismiss Counts II through VII. The plea agreement contained several sentencing stipulations, but the parties did not agree on the amount of the loss. The government maintained that the loss was between $500,000 and $800,000, requiring a ten-level increase under U.S.S.G. § 2F1.1(b)(1)(K). Jindra argued that the loss was under $500,000.

Applying U.S.S.G. § 2F1.1, comment. (n. 7(b)), the presentence report (PSR) calculated the amount of the loss as $765,000. This figure reflected the amount outstanding at the time the offense was discovered and the amount for which Jindra had pledged no assets to secure the loans. Thus, the PSR recommended a ten-level increase. Jindra objected to the loss calculation, arguing that the amount of the loss should not be fixed at the time the offense was discovered, but should be adjusted to reflect amounts the victim banks recovered before sentencing. Under Jindra's calculation, the amount of the loss would be $47,900, resulting in a five-level, rather than a ten-level, increase. Following a hearing, the district court adopted the PSR's loss calculation, found Jindra's sentencing range to be 18 to 24 months, and sentenced Jindra to 18 months. On appeal, Jindra argues that the district court misapplied the Guidelines by refusing to deduct from the total loss calculation amounts recovered by the victim banks before sentencing.

We review the district court's interpretation of the Guidelines and commentary de novo. *United States v. Mills*, 987 F.2d 1311, 1315–16 (8th Cir.1993). Section 2F1.1, com-

1. The Honorable Richard H. Kyle, United States   District Judge for the District of Minnesota.

ment (n.7(b)), governs the loss calculation in this case, and provides in relevant part:

> In fraudulent loan application cases ..., the loss is the actual loss to the victim (or if the loss has not yet come about, the expected loss). For example, if a defendant fraudulently obtains a loan by misrepresenting the value of his assets, the loss is the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan. However, where the intended loss is greater than the actual loss, the intended loss is to be used.

Application Note 7(b) thus directs that the amount of the loss is "the amount of the loan not repaid at the time the offense is discovered." Further, Application Note 7(b) directs that the amount of the loss may be "reduced by the amount the lending institution has recovered ... from any assets pledged to secure the loan." Because Jindra did not pledge assets to secure the loans at issue here, the "loss" is the amount of the loans outstanding at the time the offense was discovered. The district court thus committed no error in ruling that the amount of the loss was $765,000.

Accordingly, we affirm.