**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
<u>Plaintiff-Appellee,</u>

v.                                                    No. 96-4824

DOUGLAS J. ATKINSON,
<u>Defendant-Appellant.</u>

Appeal from the United States District Court
for the District of South Carolina, at Rock Hill.
Matthew J. Perry, Jr., Senior District Judge.
(CR-96-227)

Submitted: March 31, 1997

Decided: April 25, 1997

Before HALL and MOTZ, Circuit Judges,
and PHILLIPS, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joel Wyman Collins, Jr., Arthur Kerr Aiken, COLLINS & LACY,
P.C., Columbia, South Carolina, for Appellant. J. Rene Josey,
United
States Attorney, Dean A. Eichelberger, Assistant United States
Attor-
ney, Columbia, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Douglas J. Atkinson pled guilty to one count of making false statements to a financial institution in order to obtain loans in violation of 18 U.S.C. § 1014 (1994). On appeal, he challenges the district court's loss calculation under USSG § 2F1.1* and its imposition of an obstruction of justice enhancement pursuant to USSG § 3C1.1. Finding no reversible error, we affirm.

Atkinson was a loan officer at a credit union. After being turned down for a personal loan, he began processing loans in customers' names and diverting the funds to himself. Bank officials eventually noticed an irregularity in Atkinson's loan portfolio, suspended him, and began an investigation. A few days later, a customer advised a bank employee, Terri Ashworth, that one of the loans on his account was not his but that the money had gone to Atkinson. Ashworth confronted Atkinson at his new job, where he admitted to the fraud and gave Ashworth funds to pay off some of the loans. Atkinson also convinced Ashworth not to inform bank officials about his activities.

Approximately one month after the bank began its investigation, it turned the investigation over to the FBI. Agents interviewed several of the bank customers identified on the loans, including Ira Joe Alley, whose loan was paid off with the money given to Ashworth. Alley told agents on three separate occasions that the loan was his before he finally admitted that the funds went to Atkinson. Ashworth also lied to agents during her interviews. Atkinson admitted on cross-examination that he and Alley agreed in advance to lie about the loan if anyone should inquire about it. Evidence was presented showing that Atkinson made similar arrangements with other bank customers.

_____
*United States Sentencing Commission, <u>Guidelines Manual</u> (Nov. 1995).

2

Evidence was also presented showing that Atkinson paid off additional loans after the beginning of the FBI investigation.

In a fraudulent loan case, "loss" is defined as "the amount of the loan not repaid at the time the offense is discovered, reduced by the amount the lending institution has recovered (or can expect to recover) from any assets pledged to secure the loan." USSG § 2F1.1, comment. (n.7(b)). The circuit reviews "de novo the district court's legal interpretation of the term `loss' under the Sentencing Guidelines, but `to the extent that the determination of the amount of loss is a factual matter, we review only for clear error.'" United States v. Castner, 50 F.3d 1267, 1274 (4th Cir. 1995). Only a preponderance of the evidence need support these factual findings. United States v. Engleman, 916 F.2d 182, 184 (4th Cir. 1990).

We find that the district court properly calculated the loss as the amount of the loans outstanding at the time the fraud was discovered. The plain language of USSG § 2F1.1, comment. (n.7(b)), prohibits a reduction in the amount of the loss for payments made after discovery in cases such as this one where the loans were unsecured. We also find persuasive the reasoning of other circuits which have addressed factually similar cases. See United States v. Lucas, 99 F.3d 1290, 1299 (a defendant cannot be permitted under the Guidelines to avoid an increase for amount of loss in a fraud scheme simply by being financially capable of repaying the money when discovered); United States v. Sparks, 88 F.3d 408 (6th Cir. 1996) (bank loan officer who made a series of fraudulent loans in the names of various third parties for the purpose of benefiting himself not allowed to deduct payments made after discovery of the fraud because the bank had no realistic expectation of immediate recovery at that point); United States v. Bennett, 37 F.3d 687, 695 (1st Cir. 1994) (error for district court to give defendant credit for payments made after the date fraud was discovered); United States v. Jindra, 7 F.3d 113, 114 (8th Cir. 1993) (loss was the amount of the loans outstanding when the offense was discovered because the defendant did not pledge assets to secure the loans).

We further find that the district court properly enhanced Atkinson's

base offense level for obstruction of justice. In the present case, the district court found that Atkinson discussed ways to cover up his

3

fraud with Alley and Ashworth, and we find that these conversations support a finding of unlawful influence pursuant to USSG § 3C1.1. In addition, both of these individuals eventually lied to FBI agents, and it took several interviews before they finally told the truth. We find that the record supports the district court's conclusion that these lies significantly impeded the investigation. Moreover, evidence was presented showing that some of the discussions between Atkinson, Alley, and Ashworth occurred after the start of the official investigation, and we find that this obstructive conduct falls squarely within the plain language of the Guidelines.

We therefore affirm the findings and sentence of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the material before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4