**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Jose Enrique TOSCA, Defendant–Appellant.**

**No. 92–4205.**

United States Court of Appeals, Sixth Circuit.

Submitted Oct. 15, 1993.

Decided March 21, 1994.

Marilyn A. Bobula, Asst. U.S. Atty., Thomas J. Gruscinski (briefed), Cleveland, OH, for plaintiff-appellee.

Debra K. Migdal (briefed), Federal Public Defender's Office, Cleveland, OH, for defendant-appellant.

Before: BOGGS and SUHRHEINRICH, Circuit Judges; and BERTELSMAN, Chief District Judge.*

BERTELSMAN, Chief District Judge.

Jose Enrique Tosca appeals the sentence entered pursuant to his plea of guilty to transferring firearms in interstate commerce and possession of cocaine with intent to distribute. For the reasons set forth below, the judgment is AFFIRMED.

## I. BACKGROUND

Between October 3, 1990 and December 24, 1991, appellant and two codefendants transferred eighteen firearms from Youngstown, Ohio to New York City, knowing that the guns would be used to commit drug trafficking crimes. They either traded or sold the guns for drugs. Subsequently, on two occasions in January 1993, Tosca and one of his codefendants sold an Alcohol, Tobacco & Firearms (ATF) informant 27.8 grams and 118.3 grams of cocaine, respectively. Tosca received payment for the deliveries a few days later.

Tosca was indicted by a grand jury and charged with several counts of violations of federal firearms law and possession with intent to distribute cocaine. On September 2, 1992, pursuant to a written plea agreement, Tosca pleaded guilty to one count of transferring a firearm for use in a drug trafficking offense and the count charging possession with intent to distribute 27.8 and 118.3 grams of cocaine. The plea agreement identified the maximum fines for the counts as $250,000.00 and $1,000,000.00, respectively.

The presentence report (PSR) showed that Tosca had previously lived in New York where he owned a video store. He sold the store in 1989 and moved to Youngstown with his daughter and the child's mother. He was unable to find employment, and at the time the probation officer conducted her investigation for the PSR, mother and daughter were being supported by public assistance and living in transitional housing.

The PSR calculated the Sentencing Guidelines range for the fine to be between $7,500 and $1,000,000 based on an offense level of 20.[1] It further provided:

*"Defendant's Ability to Pay*

"82. The defendant denies any and all assets and liabilities at this time. He denies bank accounts, credit card expenses, and all other living expenses. The defendant's family is presently being supported through public assistance.

*"Analysis*

"83. The defendant is presently incarcerated and without income or assets. He faces a term of imprisonment as a result of this offense. The defendant does not appear to possess the affordability of a fine or the cost of his incarceration or community supervision."

PSR, p. 17. Defendant did not challenge the PSR's facts or conclusions contained in paragraphs 82 and 83.

Tosca was sentenced to thirty-seven months in prison, three years of supervised release, and a $7,500 fine, with payments of $200 a month. There is no dispute that the fine falls within the proper Guidelines range.

---

* The Honorable William O. Bertelsman, Chief United States District Judge for the Eastern District of Kentucky, sitting by designation.

1. The PSR was in error on the low end of the fine range, which should have been $6,000 after the offense level was properly adjusted from level 20 to level 19. Defendant does not seek reversal on this ground.

Tosca did not object to the fine at the sentencing hearing. The district court made no findings on the record with regard to Tosca's ability to pay. Defendant did not request that the court make specific findings regarding the imposition of the fine, although he requested the court to make findings regarding other matters.

On November 13, 1992, Tosca filed a timely notice of appeal, asserting jurisdiction under 18 U.S.C. § 3742(a)(1) & (2). He contends that the imposition of the fine was improper and in violation of the law because the district court did not make factual findings on the record concerning his ability to pay and the burden on his family, and because the conclusions in the PSR satisfy his burden of showing his inability to pay the fine.

The United States contends that a fine is not appealable as "unlawful" unless it exceeds the maximum established in the Guidelines range. The United States also submits that Tosca waived his right to appeal this fine because he did not object to it at sentencing. Alternatively, on the merits, the United States argues that imposition of a fine is the rule, unless the defendant proves that he is currently unable to pay the fine and unlikely to become able to do so in the future. It argues that Tosca has failed to carry this burden, and that in any event, the amount of the fine reflects the trial court's consideration of all of the necessary factors.

The issues in this appeal are whether Tosca has properly preserved his contention for appeal and whether the district court properly exercised its discretion in imposing a fine upon Tosca.

## II. ANALYSIS

■ The district court is bound to impose a fine within the Guidelines range "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *See* USSG §§ 5E1.2(a), (f); *United States v. Hickey*, 917 F.2d 901, 907 (6th Cir.1990). In determining whether and to what extent to impose a fine, the court considers: defendant's income; earning capacity; financial resources; the burden on the defendant and his dependents; pecuniary loss inflicted on others as a result of the offense; whether restitution is ordered; the need to deprive the defendant of illegal gains; and the need to promote respect for the law, provide just punishment, and adequate deterrence. 18 U.S.C. § 3572(a); USSG § 5E1.2(d).

Citing *United States v. Hopper*, 941 F.2d 419 (6th Cir.1991), Tosca argues that, unless the district court specifically makes express findings on the record of the above factors, imposition of a fine is improper as a matter of law. Other courts are split on the issue.[2]

■ Defendant's current assets do not determine whether a fine should be imposed. Rather, the defendant has the burden of establishing that he or she is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine. *United States v. Perez*, 871 F.2d 45, 48 (6th Cir.), *cert. denied*, 492 U.S. 910, 109 S.Ct. 3227, 106 L.Ed.2d 576 (1989); *see also United States v. Blanchard*, 9 F.3d 22 (6th Cir.1993).

**2.** Some circuits require specific findings on the defendant's ability to pay a fine. *See United States v. Fair*, 979 F.2d 1037, 1041 (5th Cir.1992) (specific findings are necessary where the district court adopts a PSR's findings but then departs from its recommendations on fines); *United States v. Masters*, 924 F.2d 1362, 1369 (7th Cir. 1991), *cert. denied*, 500 U.S. 919, 111 S.Ct. 2019, 114 L.Ed.2d 105 (1991) (district court must make findings on factors such as burden on defendant's family before imposing fine); *United States v. Cammisano*, 917 F.2d 1057, 1064 (8th Cir.1990) (district court must make specific findings on the record that demonstrate that factors in Guidelines § 5E1.2 were considered prior to imposing fine).

Other circuits require consideration of the factors, but do not require express findings. *United States v. Savoie*, 985 F.2d 612 (1st Cir.1993) (district court's failure to make express findings in open court concerning appellant's financial condition and prospects did not necessitate reversal); *United States v. Marquez*, 941 F.2d 60, 65 (2nd Cir.1991) (sentencing court must consider ability to pay, but need not articulate its reasoning); *United States v. Mastropierro*, 931 F.2d 905, 906 (D.C.Cir.1991) (when record demonstrates that judge considered ability to pay before imposing fine, appellate court will not reverse merely because no express finding was made but will review the finding of ability to pay necessarily implied by such consideration).

The PSR makes no conclusions regarding future ability to pay the fine. Thus, defendant's contention that the PSR findings satisfy his burden is without merit.

To the contrary, the record in fact establishes that, even though Tosca has no assets or present earnings, he can make installment payments from prisoner pay earned under the Inmate Financial Responsibility Program. The Program requires that when an inmate has a financial obligation the Bureau of Prisons staff must help the inmate develop a financial plan to meet the obligation. His fine will not be a burden on his family since they have been relying on public assistance.

 It is clear that the defendant waived any right to appeal the imposition of a fine because he failed to object at the trial court level. *United States v. Nagi*, 947 F.2d 211 (6th Cir.1991), *cert. denied,* —— U.S. ——, 112 S.Ct. 2309, 119 L.Ed.2d 230 (1992).

We will note, however, that defendant's reliance on *Hopper, supra,* is misplaced. In *Hopper,* the reasoning of the trial court for arriving at the amount of the fine was not clear from the record. Particularly, there was doubt as to which assets were owned by defendant individually and which were owned jointly with his wife.

In this record, it may be fairly inferred that the district court considered not only defendant's present ability to pay and the other factors required by law, but also the probability that he could earn enough in and after prison to pay the fine in installments. We have reviewed the record, and it supports this interpretation.

It is a general principle of appellate jurisprudence that a party desiring more particularized findings at the trial court level must request them from the trial court. *Hollinger v. United States,* 651 F.2d 636, 640–41 (9th Cir.1981).

> " ' "It would seem that if a party is not willing to give a trial judge the benefit of suggested findings and conclusions, he is not in the best position to complain that the findings made and conclusions stated are incomplete." ' "

*Reliance Finance Corp. v. Miller,* 557 F.2d 674, 681–82 (9th Cir.1977) (quoting *Evans v.*

*Suntreat Growers & Shippers, Inc.,* 531 F.2d 568, 570 (Temp.Emer.Ct.App.1976), quoting *Sonken–Galamba Corp. v. Atchison, T. & S.F. Ry.,* 34 F.Supp. 15, 16 (W.D.Mo.1940), *aff'd,* 124 F.2d 952 (8th Cir.), *cert. denied,* 315 U.S. 822, 62 S.Ct. 917, 86 L.Ed. 1218 (1942)).

Therefore, the judgment below must be **AFFIRMED.**