42 F.3d 1389
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Matthew D. LaFOND, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 94-1552.
 United States Court of Appeals, Sixth Circuit.
 Dec. 2, 1994.
 
 Before: ENGEL, MARTIN and BOGGS, Circuit Judges.
 
 ORDER
 
 1
 Matthew D. LaFOND, a federal prisoner proceeding without benefit of counsel, appeals a district court judgment dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 LaFond was tried to the bench before the United States District Court for the Eastern District of Michigan and found guilty of conspiracy to distribute methamphetamine and possession with intent to distribute methamphetamine. 21 U.S.C. Secs. 846, 841(A)(1). He was sentenced to a term of imprisonment of 92 months, three years supervised release, and a $25,000 fine. LaFond's conviction was affirmed on appeal.
 
 
 3
 In his Sec. 2255 motion, LaFond claimed that the portion of his sentence which imposed a $25,000 fine should be struck because the district court failed to address statutory factors and failed to make clear findings of fact with respect to LaFond's financial condition and ability to pay. The district court denied LaFond's motion because LaFond waived the right to challenge the fine by his failure to object at sentencing. In addition, the district court held that LaFond failed to go forward with his burden of proof demonstrating that he was unable to pay the fine. In his timely appeal, LaFond reasserts the claim set forth in his Sec. 2255 motion. He also requests leave to proceed in forma pauperis and the appellee moves to dismiss the appeal because the petitioner has not been granted in forma pauperis status.
 
 
 4
 Upon review, we conclude that the district court properly dismissed LaFond's Sec. 2255 motion. More specifically, the district court's judgment is hereby affirmed because LaFond has failed to show a fundamental defect in the proceedings that inherently results in a complete miscarriage of justice or an error so egregious that it amounts to a violation of due process. United States v. Todaro, 982 F.2d 1025, 1028 (6th Cir.) (per curiam), cert. denied, 113 S.Ct. 2424 (1993); United States v. Ferguson, 918 F.2d 627, 630 (6th Cir.1990) (per curiam). The court reviews a judgment denying a Sec. 2255 motion de novo, Taylor v. United States, 985 F.2d 844, 845 (6th Cir.1993), while examining the district court's factual findings for clear error. United States v. Roberts, 5 F.3d 365, 368 (9th Cir.1993); Warner v. United States, 975 F.2d 1207, 1212 (6th Cir.1992), cert. denied, 113 S.Ct. 1314 (1993).
 
 
 5
 First, the district court properly denied LaFond's Sec. 2255 motion because LaFond did not object to the imposition of the fine at the time of sentencing. A failure to object to a presentence report waives any future objections. United States v. Duranseau, 19 F.3d 1117, 1123 (6th Cir.1994); see United States v. Nagi, 947 F.2d 211 (6th Cir.1991), cert. denied, 112 S.Ct. 2309 (1992).
 
 
 6
 Next, the district court properly denied LaFond's Sec. 2255 motion because LaFond did not object to the imposition of the fine on direct criminal appeal. Unless LaFond demonstrates cause and prejudice to excuse his failure to raise this issue on direct appeal, it cannot now be raised in a Sec. 2255 motion. See United States v. Frady, 456 U.S. 152, 167-69 (1982). LaFond does not sufficiently allege "cause" for his failure to object to the imposition of the fine on direct appeal and none is apparent from the record before this court. In addition, LaFond cannot establish "prejudice" because his claim is without merit. The imposition of a fine is the rule, unless the defendant proves that he is currently unable to pay the fine and unlikely to become able to do so in the future. See USSG Sec. 5E1.2(d)(2), (f); United States v. Hickey, 917 F.2d 901, 907 (6th Cir.1990).
 
 
 7
 Finally, the district court properly dismissed LaFond's Sec. 2255 motion because LaFond did not prove that he is unable to pay all or part of the imposed fine. The defendant has the burden of establishing that he or she is not able and, even with the use of a reasonable installment schedule, is not likely to become able to pay all or part of the fine. United States v. Tosca, 18 F.3d 1352, 1354 (6th Cir.1994); United States v. Perez, 871 F.2d 45, 48 (6th Cir.), cert. denied, 492 U.S. 910 (1989).
 
 
 8
 Accordingly, LaFond's motion to proceed in forma pauperis is granted for the purposes of this appeal, the government's motion to dismiss is denied, and the district court's judgment is hereby affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.