89 F.3d 836
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Charles William O'BRIEN, Defendant-Appellant.
 No. 95-3961.
 United States Court of Appeals, Sixth Circuit.
 June 19, 1996.
 
 Before: MERRITT, Chief Judge; KEITH and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Charles William O'Brien appeals a district court judgment of conviction and sentence entered following his guilty plea. The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 Pursuant to a written superseding plea agreement, O'Brien pleaded guilty to fourteen counts of bank fraud in violation of 18 U.S.C. §§ 1344 and 2, four counts of money laundering in violation of 18 U.S.C. §§ 1957 and 2, and a criminal forfeiture count involving $219,569.81 in criminal proceeds. The district court sentenced O'Brien to eighteen concurrent terms of 41 months of imprisonment, to be served concurrently with the remainder of a 54-month sentence O'Brien received following his prior conviction on related bank fraud and money laundering charges in the United States District Court for the Northern District of Ohio. The prior conviction and sentence were affirmed by this court on direct appeal. United States v. O'Brien, No. 94-3341, 1995 WL 325709 (6th Cir. May 30, 1995) (per curiam), cert. denied, 116 S.Ct. 733 (1996). In addition, the district court ordered O'Brien to pay restitution in the amount of $3,372,845 and imposed a fine in the amount of $75,000. O'Brien filed a timely notice of appeal by counsel.
 
 
 3
 On appeal, O'Brien contends that the district court: (1) improperly imposed a fine which impairs his ability to make restitution and which he is unable to pay; and (2) improperly calculated the amount of restitution it ordered him to pay the victim financial institutions. The government responds that O'Brien failed to object to the imposition of his fine or to the order to pay restitution at sentencing and that no plain error occurred.
 
 
 4
 This court will review the imposition of the fine and restitution only for plain error. Generally, a defendant waives the right to assert an error on appeal if no objection to the alleged error is asserted at sentencing. United States v. Cullens, 67 F.3d 123, 124 (6th Cir.1995) (per curiam); United States v. Bondurant, 39 F.3d 665, 668 (6th Cir.1994); United States v. Tosca, 18 F.3d 1352, 1355 (6th Cir.1994). Here, defendant initially submitted objections to the presentence investigation report concerning a possible fine and restitution but explicitly withdrew the objections at sentencing. Although defendant argues that he put the district court on notice of potential errors involving the fine and restitution by virtue of the withdrawn objections, defendant arguably invited any error herein by withdrawing his objections. Under these circumstances, this court will review defendant's sentence only for plain error. See Bondurant, 39 F.3d at 668. Here, no plain error occurred.
 
 
 5
 First, the district court properly imposed the $75,000 fine against defendant. The district court is required under the sentencing guidelines to impose a fine within the guideline range unless defendant establishes a present and future inability to pay. See Tosca, 18 F.3d at 1354. Pursuant to 18 U.S.C. § 3572(a) and USSG § 5E1.2(d), the district court must consider defendant's financial condition, pecuniary loss inflicted upon defendant's victims, whether restitution is ordered, and the need for the additional punishment. Tosca, 18 F.3d at 1354. The district court's consideration of these factors may be inferred. Id. at 1355. Here, the district court specifically concluded that defendant did not establish his inability to pay a fine, and the other appropriate factors were duly considered.
 
 
 6
 The presentence investigation report in this case reflects that defendant owned real property worth 8.5 million dollars before his sentencing in the Northern District of Ohio. Clearly, the district court was aware that defendant's bank fraud involved millions of dollars. Defendant attended law school for two years and is capable of future earnings. See O'Brien, 1995 WL 325709, at * 2. The sentencing guidelines dictate a range of fines of $7,500 to $75,000 in this case, and there is no evidence that imposition of the fine unduly impairs defendant's ability to make restitution. Under these circumstances, the district court did not commit plain error in imposing a fine at the top of the guideline range.
 
 
 7
 Similarly, the district court did not commit plain error in ordering defendant to pay restitution. Pursuant to 18 U.S.C. § 3664(a), the district court must consider defendant's financial condition and the loss to the victim. Bondurant, 39 F.3d at 668. The district court need not make explicit findings, and consideration of these factors may be inferred. Id. Although the district court made no explicit findings regarding defendant's ability to pay restitution or the precise amounts of the losses to defendant's victims, the record reflects that the court was familiar with and considered the pertinent factors. Given the difficulties in calculating the amounts of losses incurred by the victim financial institutions as acknowledged in the presentence investigation report, no plain error occurred in this case.
 
 
 8
 Accordingly, the judgment of the district court is affirmed.