101 F.3d 703
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Anthony WASHINGTON, also known as Richard Thomas, also known
as Wheeler Washington, Defendant-Appellant.
 No. 95-2029.
 United States Court of Appeals, Sixth Circuit.
 Nov. 14, 1996.
 
 Before: CONTIE, SUHRHEINRICH, and MOORE, Circuit Judges.
 
 ORDER
 
 1
 Anthony Washington appeals his convictions and the sentence that he received for distributing heroin, in violation of 21 U.S.C. § 841(a)(1). The parties have expressly waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 2
 On March 10, 1994, Washington pleaded guilty to two counts of distributing heroin. On July 11, 1994, an amended judgment was entered that sentenced him to a total of 104 months of imprisonment and five years of supervised release. The trial court also imposed a $26,600 fine. It is from this judgment that Washington now appeals.
 
 
 3
 Washington argues that the court erred by finding that he was able to pay a $26,600 fine. This claim lacks merit because Washington did not meet his burden of asserting and showing that he was unable to pay the fine when it was imposed. See United States v. Tosca, 18 F.3d 1352, 1354-55 (6th Cir.1994).
 
 
 4
 Washington also argues that his guilty plea was invalid because the trial court did not ask him whether the fine would unduly burden his dependents or otherwise create a hardship. This argument lacks merit because Washington's plea agreement plainly stated that he would have to pay a minimum fine of $26,600. The court also indicated its intention to impose a $26,600 fine before it accepted Washington's guilty plea. Thus, Washington was adequately advised regarding the direct consequences of his plea. See King v. Dutton, 17 F.3d 151, 153-54 (6th Cir.), cert. denied, 114 S.Ct. 2712 (1994).
 
 
 5
 Finally, Washington argues that he should have received an additional reduction in his offense level for acceptance of responsibility, because he expressed an interest in cooperating with the government immediately after he was indicted. To obtain this additional reduction, Washington was required to show that he had assisted the government by "timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the court to allocate its resources efficiently." USSG § 3E1.1(b)(2) (1993). The district court's finding that Washington did not make this showing was not clearly erroneous.
 
 
 6
 It appears that defense counsel did not advise the prosecutor that the defense was interested in negotiating a plea agreement until January 13, 1994, almost a month after Washington was indicted. The scheduled trial date of February 7, 1994, was moved ahead because plea negotiations were still ongoing. The record does not indicate when Washington finally reached an understanding with the government. However, a written plea agreement was not signed until more than a week after the second scheduled trial date of March 2, 1994, and the record does not indicate when the scheduled trial was finally cancelled. In light of this chronology, it cannot be said that the district court committed clear error by finding that Washington was not entitled to an additional reduction under USSG § 3E1.1(b)(2). See United States v. Bashara, 27 F.3d 1174, 1184-85 (6th Cir.1994), cert. denied, 115 S.Ct. 909 (1995); United States v. Morillo, 8 F.3d 864, 871-72 (1st Cir.1993).
 
 
 7
 Accordingly, the district court's judgment is affirmed.