98 F.3d 1343
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
The UNITED STATES of America, Plaintiff-Appellee,
v.
Kenneth FERGUSON, Defendant-Appellant.
 No. 95-1629.
 United States Court of Appeals, Sixth Circuit.
 Oct. 3, 1996.
As Amended Dec. 16, 1996.
 
 Before: ENGEL, SUHRHEINRICH and COLE Circuit Judges.
 PER CURIAM.
 
 
 1
 Kenneth Ferguson appeals the district court's imposition of a $10,000 fine as part of his sentence following his guilty plea to the charge of distributing cocaine base in violation of 21 U.S.C. § 841(a)(1). Ferguson also appeals the district court's order requiring payment of the fine at a rate to be determined by his probation officer while he is on supervised release. For the following reasons, we affirm the judgment and sentence imposed by the district court.
 
 I.
 
 2
 In November 1993 a confidential informant assisted the FBI along with state and local law enforcement officials in the investigation of drug activity involving Ferguson in the Saginaw, Michigan area. As part of the investigation, the informant purchased cocaine base from Ferguson on four separate occasions.
 
 
 3
 Following the execution of a search warrant of Ferguson's residence, a four-count indictment was issued charging Ferguson with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1). Ferguson subsequently entered a plea of guilty to one count of the indictment.
 
 
 4
 The parties entered into a plea agreement which provided that any sentence of incarceration would not exceed the mid-point of the range set forth in the United States Sentencing Guidelines. See United States Sentencing Commission, Guidelines Manual, § 5A (Nov. 1994). The agreement also provided that "[u]nless the court determines that defendant will not reasonably be able to pay a fine, or that paying a fine will unduly burden any of defendant's dependents, a fine shall be imposed. There is no agreement as to the amount of the fine." On May 23, 1995, the court sentenced Ferguson to a 60-month term of incarceration, a $10,000 fine, a $50 special assessment, and a four-year term of supervised release. In fining Ferguson at the low point of the Guidelines range, the court stated at the sentencing hearing, "[Y]ou'll pay any fine or special assessment fee imposed by this judgment that remains unpaid at the [end of the] term of this supervised release in an amount and on a schedule as directed by the U.S. Probation Department."
 
 
 5
 Ferguson seeks to have the fine vacated and the case remanded on the ground that the district court improperly assessed a fine against him pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 5E1.2(a) because it failed to consider the factors listed in 18 U.S.C. §§ 3553(a), 3572(a) and U.S.S.G. § 5E1.2(d) that every sentencing court must consider before assessing a fine. Ferguson also claims that the district court improperly delegated to the probation department the authority to set a payment schedule for the fine.
 
 II.
 
 6
 Pursuant to 18 U.S.C. § 3742(a)(2), this court may review whether a sentence was imposed by the district court as a result of an improper application of the sentencing guidelines. Whether the district court has properly applied a sentencing guideline is a purely legal question and, as such, is reviewed de novo by this court. United States v. Gray, 16 F.3d 681, 683 (6th Cir.1994).
 
 III.
 
 7
 Ferguson contends that the district court erred in assessing a fine against him under U.S.S.G. § 5E1.2(a) without articulating on the record its consideration of all the factors listed in U.S.S.G. § 5E1.2(d) and 18 U.S.C. §§ 3553(a) and 3572(a). Specifically, Ferguson argues that the district court should have considered on the record several factors relating to his ability to pay a fine assessed against him. Pursuant to section 5E1.2(a) of the Guidelines, a sentencing court is obligated to "impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." United States v. Tosca, 18 F.3d 1352, 1354 (6th Cir.1994); United States v. Hickey, 917 F.2d 901, 907 (6th Cir.1990). Thus, the defendant has the burden of proving that he is not currently able or likely to become able to pay a fine assessed against him. United States v. Wilson, 27 F.3d 1126, (6th Cir.), cert. denied, 115 S.Ct. 452 (1994) (quoting Hickey, 917 F.2d at 907 ("[t]he Sentencing Guidelines place the burden on the defendant to prove he is unable to pay a fine.")). If a defendant fails to raise the issue of his ability to pay a fine before the district court, the district court may properly assess a fine against that defendant even if there is no evidence in the record at all to indicate that he has the financial resources to pay the fine. See Wilson, 27 F.3d at 1132.
 
 
 8
 When determining a fine, the district court is required by section 5E1.2(a) of the Guidelines to consider: the defendant's income, earning capacity, and financial resources; any evidence presented as to the defendant's ability to pay a fine in light of his earning capacity and financial resources; the burden on the defendant and his dependents; the pecuniary loss inflicted on others as a result of the offense; whether restitution is ordered; the need to deprive defendant of illegal gains; and the need to promote respect for the law, and provide just punishment and render adequate deterrence. 18 U.S.C. §§ 3553(a)(1)-(4), 3572(a)(1)-(4); U.S.S.G. § 5E1.2(d); Tosca, 18 F.3d at 1354. Ferguson alleges that the district court failed to consider several of these statutory factors and Guidelines before assessing the fine against him. Specifically, he alleges that the district court failed to consider his educational background, number of dependents, lack of previous work experience and lack of income or assets. Continuing, Ferguson states that when he requested the trial court to articulate these required findings during the sentencing hearing, the trial court's statements demonstrated that it had not undertaken consideration of all the mandatory factors, and thus its assessment of a fine pursuant to U.S.S.G. § 5E1.2(a) was reversible error.
 
 
 9
 A sentencing court, however, need not state its factual findings on the record when determining a defendant's ability or inability to pay a fine. Tosca, 18 F.3d at 1352. In this case, the district court reviewed the Probation Department's Presentence Investigation Report, which contains a comprehensive recitation of Ferguson's background, including the various factors set forth in section 5E1.2(d) of the Guidelines. The following statement from the colloquy at the sentencing hearing clearly shows that the court considered the Presentence Investigation Report in determining the defendant's sentence and fine:
 
 
 10
 THE COURT: The court has reviewed the presentence report as well and believes that the suggested calculations that are made are based on reliable information....
 
 
 11
 Furthermore, the sentencing transcript also indicates that the district court did consider the defendant's individual characteristics in imposing the $10,000 fine. When asked by Ferguson's counsel to make a determination as to Ferguson's ability to pay the fine, the district judge stated that Ferguson was young and healthy and possessed the ability to be gainfully employed with some reasonable effort. Also, the district judge remarked that he had deliberately chosen to impose the minimum fine mandated by the Guidelines for Ferguson's offense level because Ferguson was not a wealthy man. The district judge then noted that if Ferguson had been wealthier, he would have selected a higher fine from the Guidelines range.
 
 
 12
 Although the trial court was not required to state any specific findings when it assessed the defendant's fine, its consideration of the defendant's Presentence Investigation Report and its statements that the defendant was a young and healthy man capable of earning enough through reasonable efforts to pay the $10,000 fine once he is released indicate that the district judge did have before him the relevant information he was required by 18 U.S.C. §§ 3553(a), 3572(a) and U.S.S.G. § 5E1.2(d) to consider in imposing the defendant's fine. Thus, even though the district judge was not required to articulate on the record his consideration of each of the statutory factors and Guidelines, the record indicates that he did weigh those factors in deciding to impose a fine on Ferguson. Furthermore, just as the defendant in Wilson, Ferguson failed to meet his burden of proving that he was not able or likely to become able to pay a fine assessed against him and therefore avoid the imposition of such a fine under U.S.S.G. § 5E1.2(a). Because the district court considered the appropriate factors in assessing Ferguson's fine, and Ferguson failed to present any evidence to prove that he was unable to pay that fine, the district court did not err in imposing the minimum fine for Ferguson's offense level pursuant to U.S.S.G. §§ 5E1.2(a) and 5E1.2(c)(3).
 
 IV.
 
 13
 Ferguson also contends the district court erred in directing the Probation Department to establish a schedule for the payment of the fine. The payment of fines is governed by 18 U.S.C. § 3572(d), which states the following:
 
 
 14
 Time, method of payment, and related items--A person sentenced to pay a fine or other monetary penalty shall make such payment immediately, unless, in the interest of justice, the court provides for payment on a date certain or in installments. If the court provides for payments in installments, the installments shall be in equal monthly payments over the period provided by the court, unless the court establishes another schedule. If the judgment permits other than immediate payment, the period provided for shall not exceed five years, excluding any period served by the defendant as imprisonment for the offense. (emphasis added).
 
 
 15
 Ferguson claims that the court improperly delegated its judicial authority--an inherent power vested by Article III of the United States Constitution--by permitting the probation department to set a payment schedule. Ferguson urges this circuit to adopt the rationale of several of the other circuits and hold that the amount and schedule for payment of fines and restitution cannot be delegated to a non-judicial officer. See United States v. Mohammad, 53 F.3d 1426, 1438 (7th Cir.1995) (holding that a district court may not delegate to a probation officer the authority to set the amount and schedule for payment of restitution); United States v. Johnson, 48 F.3d 806, 809 (4th Cir.1995) (holding that a district court cannot set a "range" for the amount and schedule of restitution payments and delegate ultimate authority for determining them to a probation officer); United States v. Kassar, 47 F.3d 562, 568 (2d Cir.1995) (holding that the statutory language in 18 U.S.C. §§ 3572(d) and 3663(f)(1) imposes upon the "court" the responsibility for determining the schedule of installment payments for fines and restitution). However, the Ninth Circuit has held that 18 U.S.C. § 3651(d) does not prohibit a district court from setting the maximum amount of a restitution payment and then delegating to the probation officer questions about the defendant's ability to pay and the time and manner of payment. United States v. Barany, 884 F.2d 1255 (9th Cir.1989), cert. denied, 493 U.S. 1034 (1990). The Ninth Circuit has also held that requiring a district court to set the exact amount of restitution and then to also set the precise manner of its payment is "a crabbed interpretation of the statute ... and we have already implicitly rejected such a requirement...." United States v. Signiori, 844 F.2d 635 (9th Cir.1988).
 
 
 16
 Although this circuit has not addressed this specific issue, Ferguson relies on Whitehead v. United States, 155 F.2d 460 (6th Cir.), cert. denied, 329 U.S. 747 (1946) to support his argument that the district court impermissibly delegated a judicial function when it set the amount of Ferguson's fine and delegated to the probation officer the responsibility for determining the payment schedule. In Whitehead, this court stated, "Fixing the terms and conditions of probation is a judicial act which may not be delegated." Whitehead, 155 F.2d at 462. The Whitehead court also stated that although the court may adopt recommendations of an administrative agency, such as a probation department, "[u]ndoubtedly it is better practice for the court to announce specifically the terms and conditions under which probation is granted." Id. However, because the Whitehead court was not construing the statutory provision before us in this case, 18 U.S.C. § 3572(d), was not construing a constitutional provision that would guide our decision in this case, and was not considering the issue of a district court's imposition of fines or their schedule of payment, the Whitehead decision is not relevant to our considerations in this case.
 
 
 17
 Thus, we find Whitehead to be inapplicable to this case and do not believe that 18 U.S.C. § 3572(d) requires a district court to set out the precise manner for the payment of a fine after it has already established the amount of that fine. Accordingly, a district court that grants the probation officer the responsibility for establishing the payment schedule for a defendant's fine has not improperly delegated its judicial authority. In the present case, we hold that the district court did not err when it set the total amount of Ferguson's fine and then delegated to the probation officer the authority to set the payment schedule for that fine.
 
 IV.
 
 18
 In sum, we hold that the district court did not err by failing to recite on the record its consideration of each of the factors listed in 18 U.S.C. §§ 3553(a) and 3572(a) and U.S.S.G. § 5E1.2(d) when the district court had such information presented to it in the Presentence Investigation Report, had noted its consideration of that report, and had remarked about the defendant's individual circumstances in paying the fine assessed against him. Furthermore, because Ferguson did not present any evidence to the district court of his inability to pay the fine assessed against him, the district court did not err in applying the mandatory fine provision in U.S.S.G. § 5E1.2(a) and selecting the minimum fine prescribed for his offense level in U.S.S.G. § 5E1.2(c)(3). Finally, because we hold that 18 U.S.C. § 3572(d) does not require the district court to set the payment schedule for a defendant's fine after it has set the amount of such a fine, the district court did not err in imposing a $10,000 fine upon the defendant and directing the probation department to set a payment schedule. The district court's judgment and sentence are hereby AFFIRMED.