107 F.3d 12
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Daron THOMAS, Defendant-Appellant.
 No. 96-1290.
 United States Court of Appeals, Sixth Circuit.
 Feb. 03, 1997.
 
 Before: LIVELY, MERRITT, and DAUGHTREY, Circuit Judges.
 
 ORDER
 
 1
 This is a direct appeal from a criminal conviction in which counsel for the defendant moves to withdraw representation. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1995, Daron Thomas was one of eight defendants named in a one count indictment in connection with a cocaine distribution operation. Thomas was later named in a third superseding information in which he was charged with the use of a communication facility in facilitating the commission of violations of the controlled substances act, in violation of 21 U.S.C. § 843(b). Thomas subsequently agreed to plead guilty to the superceding information. The district court accepted the plea and sentenced Thomas to the maximum exposure contemplated by the agreement, that is, a forty-eight month term of imprisonment. This appeal followed.
 
 
 3
 Counsel for Thomas filed a motion to withdraw as well as a "no merit" brief pursuant to Rule 12, Rules of the Sixth Circuit and Anders v. California, 386 U.S. 738 (1967). Thomas was served with this motion and a copy of the brief and was invited to respond. See Freels v. Hills, 843 F.2d 958, 961 & n. 3 (6th Cir.), cert. denied, 488 U.S. 997 (1988). Thomas did file a pro se response in which he raises claims for review and makes an informal request for the appointment of new appellate counsel. The plaintiff-appellee will not be filing a brief unless requested by the court.
 
 
 4
 Thomas was initially targeted for his role in a multi-state drug trafficking organization operating in Detroit and Junction City, Kansas. The drugs, mainly cocaine base (crack), were transported from Michigan to Kansas via couriers recruited in Detroit. The proceeds were then wired back to Detroit. Thomas apparently had many roles in the organization, including crack house supervisor, drug courier, personnel recruiter and one of the individuals responsible for the wire transfer of proceeds.
 
 
 5
 In 1995, Thomas was named in the aforementioned superseding information for a violation of 21 U.S.C. § 843(b) and thereafter entered into a plea agreement. The agreement contemplated a maximum exposure of forty-eight months imprisonment with the government recommending a thirty-six month term based on Thomas's expected cooperation. Thomas could withdraw the plea only if the sentence was to exceed the forty-eight month cap and the government would not be bound to its performance if Thomas did not cooperate fully and truthfully.
 
 
 6
 The matter proceeded to a plea hearing. The district court accepted Thomas's plea, elicited an admission of some of the underlying facts from Thomas, and ordered the preparation of a pre-sentence investigation report. The court subsequently held a sentencing hearing. The court reviewed the report and entertained statements from the parties, including the government's motion for a downward departure pursuant to USSG § 5K1.1. The court rejected the § 5K1.1 motion, expressing its view that Thomas deserved a far greater sentence than the forty-eight months set out in the agreement. This appeal followed.
 
 
 7
 Thomas raises four distinct claims in his pro se response to the motion to withdraw.
 
 
 8
 1) The district court judge erroneously stated that he believed he lacked the authority to effect a downward departure;
 
 
 9
 2) The court committed plain error in failing to adjust Thomas's sentence pursuant to USSG § 5G1.2(c) to reflect a previous 23 month state court sentence for related conduct;
 
 
 10
 3) Thomas is entitled to the effective assistance of counsel on direct appeal; and,
 
 
 11
 4) Thomas is entitled to a direct appeal of his conviction and sentence.
 
 
 12
 The first two claims are addressed to the merits of the appeal; the latter two claims are, in reality, merely black letter statements of the law and are unaccompanied by any specific reference to the circumstances of his case.
 
 
 13
 Thomas contends that the district court erred in concluding that it was without authority to effect a downward departure below the 48 month statutory maximum. In general, an appellate court is without jurisdiction to review a decision not to effect a downward departure. United States v. Pickett, 941 F.2d 411, 417-18 (6th Cir.1991). A failure to depart downward is reviewable only if the sentencing court acted on the mistaken belief that it lacked authority to depart from the guideline range. United States v. Maddalena, 893 F.2d 815, 817-18 (6th Cir.1989). Where there is no such error and the sentence is otherwise lawful, the failure to depart is not subject to review. United States v. Davis, 919 F.2d 1181, 1187 (6th Cir.1990). The present record clearly reflects the district court's consideration, and rejection on the merits, of a request to effect a downward departure. This claim lacks merit.
 
 
 14
 Thomas's second substantive claim is that the district court improperly failed to adjust his sentence pursuant to USSG § 5G1.2(c) to reflect a previous forty-eight month state court sentence for related conduct. Thomas is presumably referring to a Kansas state sentence for a drug distribution conviction. Neither Thomas nor his counsel raised any objection to this effect before the district court. In general, if a defendant fails to object to an error at sentencing, he forfeits his right to assert the error on appeal. See, e.g., United States v. Tosca, 18 F.3d 1352, 1355 (6th Cir.1994). Thomas properly notes that this court may review an error only if it constitutes plain error that affects the substantial rights of the defendant. Fed.R.Crim.P. 52(b); United States v. Sherrod, 33 F.3d 723, 724 (6th Cir.1994), cert. denied, 115 S.Ct. 1317 (1995). A four-part analysis is used in evaluating such claims: 1) whether an error occurred in the district court; 2) whether the error was plain; 3) whether the plain error affects substantial rights; and 4) whether to exercise the court's discretionary power under Rule 52(b), i.e., decide whether the plain error affecting substantial rights seriously affected the fairness, integrity, or public reputation of judicial proceedings. United States v. Segines, 17 F.3d 847, 852 (6th Cir.1994).
 
 
 15
 USSG § 5G1.3(c) is titled "Imposition of a Sentence on a Defendant Subject to an Undischarged Term of Imprisonment." Subsection c, a policy statement, provides:
 
 
 16
 In any other case, the sentence for the instant offense may be imposed to run concurrently, partially concurrently, or consecutively to the prior undischarged term of imprisonment to achieve a reasonable punishment for the instant offense.
 
 
 17
 Any analysis of this issue must begin with the expressed views of the sentencing judge that Thomas deserved a far worse fate than a forty-eight month term of imprisonment for his involvement in the underlying offense and that the judge was in the habit of meting out just such sentences. This raises the real possibility that the failure of Thomas's trial counsel to call this guideline section to the attention of Judge Duggan was a deliberate, successful tactic that should not lightly be disturbed. In addition, it would appear from an examination of the pre-sentence report that the Kansas term did not come within the ambit of subsections (a) or (b), so that the application of (c) was entirely discretionary. This does not meet the test for plain error. The appeal lacks merit.
 
 
 18
 Accordingly, the motion to withdraw representation is granted, the motion for the appointment for new appellate counsel is denied and the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.