110 F.3d 65
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
James Darnell HAYES, Defendant-Appellant.
 No. 95-6684.
 United States Court of Appeals, Sixth Circuit.
 March 24, 1997.
 
 1
 Before: BOGGS and BATCHELDER, Circuit Judges; FORESTER, District Judge.*
 
 ORDER
 
 2
 This is a direct appeal from a criminal conviction. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 In 1995, James Darnell Hayes and another individual were named in a two-count indictment and charged with a conspiracy to possess and distribute cocaine base. Hayes later agreed to enter a guilty plea to one of the counts in exchange for the dismissal of the remaining count. The district court accepted the plea and found Hayes guilty of conspiracy to possess with intent to distribute and distribution of cocaine base, in violation of 21 U.S.C. § 846. The court sentenced Hayes to a 108-month term of imprisonment to be followed by a five year period of supervised release and this appeal followed.
 
 
 4
 The criminal investigation of Hayes began with the arrest of Francisco Palin on June 13, 1995, at an airport in Atlanta, Georgia, by agents of the Drug Enforcement Agency. Palin was stopped for questioning after arriving from New York City and consented to a search of his person and luggage. The search yielded approximately eight ounces of cocaine base. Palin subsequently agreed to cooperate with the DEA agents by relating the details of the planned sale of the cocaine base in Chattanooga, Tennessee.
 
 
 5
 Palin told the agents that, as on two previous drug transactions, he planned to contact an individual ("Boo") by an electronic pager signal ("008") and then meet him at the Chattanooga bus terminal. Palin told the officers that he and Boo then would circle the terminal in Boo's automobile, execute the drug transaction, and Palin would return to Atlanta. The agents arranged for Palin to board the bus and he was met at Chattanooga by the defendant Hayes. Palin joined Hayes in Hayes' automobile and they were stopped shortly after they drove off. Hayes had over three thousand dollars on him as well as an electronic pager with the prearranged "008" code in its memory. Hayes stated to the arresting officers that he was only purchasing three ounces of the cocaine base. Agents later found wire transfer receipts in Hayes's possession that confirmed other transactions between Hayes and Palin.
 
 
 6
 Hayes subsequently pleaded guilty to one count of conspiring to distribute cocaine base. The ensuing presentence report contained the recommendation that Hayes be held accountable for 320.03 grams of cocaine base. Counsel for Hayes registered formal objections to this recommendation, but then withdrew the objections at sentencing. The court proceeded to sentence Hayes to a 108 month term of imprisonment. This appeal followed and Hayes's trial counsel withdrew from representation on appeal.
 
 
 7
 Counsel for Hayes brings two assignments of error on appeal:
 
 
 8
 1) Whether the trial court committed plain error in concluding that a factual basis existed which proved beyond a reasonable doubt that James Darnell Hayes committed a violation of 21 U.S.C. § 846.
 
 
 9
 2) Whether the trial court committed plain error in concluding for sentencing purposes that certain drug amounts were reasonably foreseeable and thus attributable to James Darnell Hayes.
 
 
 10
 Hayes's first assigned error lacks merit. Hayes claims that the district court failed to adduce a sufficient factual basis under Fed.R.Crim.P. 11(f) in support of his guilty plea. Rule 11(f) provides that a district court should make such inquiry of one offering a guilty plea to ensure that there is a factual basis for the plea. This requirement exists to ensure the accuracy of the plea by requiring the prosecution to produce some evidence that the one offering the plea actually committed the offense. United States v. Tunning, 69 F.3d 107, 111 (6th Cir.1995). Rule 11(f) may be satisfied any number of ways, including the express ratification of a prosecutor's statement, so long as that statement contains the essential elements of the crime charged. Id. In the case at bar, the government offered a detailed factual summary of the offense conduct. Hayes expressly ratified the summary of his offense conduct. This claim is groundless.
 
 
 11
 Hayes's second assigned error is also without merit. Hayes challenges the amount of drugs attributed to him for guideline sentencing purposes. The record reflects, however, that although Hayes initially raised an objection to the drug quantity attributed to him in the presentence report, he unconditionally withdrew this challenge in open court prior to sentencing. In general, if a defendant fails to object to an error at sentencing, he waives his right to assert the error on appeal. United States v. Tosca, 18 F.3d 1352, 1355 (6th Cir.1994). In particular, a defendant who expressly agrees to a fact upon which a guideline range is based is estopped to challenge the accuracy of that fact on appeal. United States v. Nesbitt, 90 F.3d 164, 167-68 (6th Cir.1996).
 
 
 12
 Accordingly, the district court's judgment is affirmed.
 
 
 
 *
 The Honorable Karl S. Forester, United States District Judge for the Eastern District of Kentucky, sitting by designation