**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas MARTIN, Defendant–Appellant.**

No. 03–3334.

United States Court of Appeals, Sixth Circuit.

Nov. 28, 2003.

Amul R. Thapar, U.S. Attorney's Office, Cincinnati, OH, for Plaintiff–Appellee.

Kevin M. Schad, Schad & Cook, Indian Springs, OH, for Defendant–Appellant.

Before GUY and GILMAN, Circuit Judges; and REEVES, District Judge.\*

## *ORDER*

Thomas Martin, represented by counsel, appeals his judgment of conviction and sentence. The parties have expressly

of Kentucky, sitting by designation.

waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2002, Martin pleaded guilty to bank fraud in violation of 18 U.S.C. § 1344. Martin failed to appear for sentencing and the court sentenced him *in absentia* to twenty-one months of incarceration, followed by five years of supervised release, and it ordered Martin to pay $1,200 in restitution and a $22,176.24 fine.

Martin has filed a timely appeal, arguing that the district court imposed the fine despite insufficient evidence of his ability to pay a fine either now or in the future. He also argues that the district court erred when it ordered the fine as payable immediately.

The district court properly fined Martin. The district court is directed to impose a fine within the guidelines range except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine in the future. *See* USSG § 5E1.2(a),(f); *United States v. Tosca*, 18 F.3d 1352, 1354 (6th Cir.1994). The defendant bears the burden of establishing his present and future inability to pay all or part of a fine. *See United States v. Ukomadu*, 236 F.3d 333, 340 (6th Cir.2001); *United States v. Wilson*, 27 F.3d 1126, 1132 (6th Cir.1994); *United States v. Vincent*, 20 F.3d 229, 240 (6th Cir.1994). When determining the amount of the fine, the district court must consider, among other factors, the need for the combined sentence to reflect the seriousness of the crime and promote respect for the law, the need to deprive the defendant of illegal gains, the financial burden that the fine would place on the defendant and his dependents, the defendant's present and future ability to pay in light of his earning capacity and financial resources, and any restitution that the defendant has made or is obligated to make. *See* 18

U.S.C. § 3572(a); USSG § 5E1.2(d); *Vincent*, 20 F.3d at 240; *Tosca*, 18 F.3d at 1354. However, the district court need not make explicit factual findings as to each of these factors; instead, the court's required consideration of them may be inferred from the record. *See Tosca*, 18 F.3d at 1355. The district court's findings as to the defendant's ability to pay a fine are reviewed for clear error. *See United States v. Hickey*, 917 F.2d 901, 905 (6th Cir.1990).

The district court did not err when it imposed a fine. Martin simply has not met his burden of establishing a present or future inability to pay a fine. Although Martin argues that the presentence report contained no financial information, this was the case because he failed to comply with the probation office's request that he provide financial information regarding himself. When Martin's counsel objected to the fine at sentencing he did so by stating that there was "no indication" that Martin was going to be able to pay any substantial fine. However, he did not present any evidence of Martin's present or future inability to pay a fine. The district court explained, in its supplemental statement of the reasons for the sentence (requested by the parties after Martin had appealed and filed a brief), that it had imposed the fine to help defray the cost of incarceration. This is a proper reason as a sentencing court may take into consideration the cost of imprisonment when determining an appropriate fine. *See Ukomadu*, 236 F.3d at 340.

For these same reasons, the court did not err when it imposed the fine as payable immediately. Moreover, the sentencing judge stated that Martin could pay the fine pursuant to an installment plan if he later established that he could not pay the fine immediately.

Accordingly, we affirm the judgment of conviction and sentence.