**UNITED STATES of America**
**Plaintiff–Appellee,**

v.

**Gonzalo LONDONO–MEJIA**
**Defendant–Appellant.**

**No. 02–3838.**

United States Court of Appeals,
Sixth Circuit.

Jan. 6, 2004.

Michael J. Burns, Asst. U.S. Attorney, Columbus, OH, for Plaintiff-Appellee.

Kevin P. Durkin, Taylor & Durkin, Columbus, OH, for Defendant-Appellant.

Before KRUPANSKY, MOORE, and ROGERS, Circuit Judges.

ROGERS, Circuit Judge.

On May 6, 2002, Gonzalon Londono–Mejia ("Mejia") pled guilty to a charge of aiding and abetting interstate travel in aid of a racketeering enterprise in violation of 18 U.S.C. §§ 1952 and 2. On July 2, 2002, after reviewing the presentence investigation report, the district court sentenced Mejia to 60 months of imprisonment to be followed by three years of supervised release, imposed of fine of $75.000.00 – the highest fine in the applicable guideline range – and ordered him to pay a special assessment of $50.00. Finally, the court recommended that Mejia. a citizen of Co-

lombia, be deported after serving his sentence. Mejia appeals the district court's imposition of a $75,000.00 fine. Because the district court's finding that he had the ability to pay a fine was not clearly erroneous, we affirm.

## I. Standard of Review

The district court's conclusion that Mejia had the ability to pay a fine is a factual finding that we review under the clearly erroneous standard of review. *United States v. Hickey,* 917 F.2d 901, 906 (6th Cir.1990).

## II. Analysis

The district court is required to impose a fine within the Guidelines range "except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine." *See* USSG §§ 5E1.2(a), (f); *United States v. Tosca,* 18 F.3d 1352, 1354 (6th Cir.1994); *United States v. Hickey,* 917 F.2d 901, 907 (6th Cir.1990).[1] "In determining whether and to what extent to impose a fine, the court considers; defendant's income; earning capacity; financial resources; the burden on the defendant and his dependents; pecuniary loss inflicted on others as a result of the offense; whether restitution is ordered; the need to deprive the defendant of illegal gains; and the need to promote respect for the law, provide just punishment, and adequate deterrence." *Tosca,* 18 F.3d at 1354 (citing 18 U.S.C. § 3572(a) and USSG § 5E1.2(d)). The defendant bears the burden of showing that he was unable to pay the fines imposed by the district court. *See, e.g., Tosca,* 18 F.3d at

1354; *United States v. Blanchard,* 9 F.3d 22, 26 (6th Cir.1993).

Mejia contends that the district court's finding that he had an ability to pay a $75,000 fine is inconsistent with the magistrate judge's decision to appoint counsel pursuant to 18 U.S.C. § 3006A(b) and the district court's decision to authorize payment for interpretive services pursuant to 18 U.S.C. § 3006A(b), both of which were based on Mejia's inability to obtain such services. Mejia asserts that, having concluded that he was unable to pay for interpretive services or for an attorney, the district court could not conclude that Mejia had the ability to pay a substantial fine. Additionally, Mejia argues that the presentence report bolsters his contention that he is unable to pay a substantial fine, inasmuch as the sentence recommended by the report did not include a fine and recommended that the court find that Mejia was unable to pay a fine. J.A. at 71–72.

The district court, however, was not obligated to accept the presentence report recommendation that Mejia was unable to pay a fine. See *United States v. Hopper,* 941 F.2d 419, 423 (6th Cir.1991) ("The district court is, of course, free to reach a different conclusion than the [presentence report].").  In imposing the maximum fine under the guidelines, the district court declined to accept the recommendation in the presentence report that no fine be imposed, noting that Mejia declined to disclose any information about his finances and that, given Mejia's criminal history, one could conclude that Mejia had earned substantial sums of money dealing drugs.

---

1. During oral argument, counsel for Mejia argued that the imposition of a fine was unfair because Mejia was not afforded notice that the district court was considering imposing a fine, and therefore, he did not have an opportunity to establish his inability to pay a fine. On the contrary, the clear language of USSG §§ 5E1.2(a) – which provides, "The

court shall impose a fine in all cases, except where the defendant establishes that he is unable to pay and is not likely to become able to pay any fine" – provides criminal defendants who wish to avoid a fine with adequate notice of the need to establish their inability to pay.

Accordingly, he found that Mejia had the ability to pay a $75,000 fine.

The district court's conclusion that Mejia could pay a $75,000 fine was not clearly erroneous. The presentence report indicated, in respect to his prior conviction, that Mejia was "the leader of a large cocaine trafficking organization in Houston, Texas with ties to Colombia. He established a business named Scandia Electronics as a 'front' to disguise his drug income. When [Mejia] was arrested, investigators found $132,000 in cash in his apartment. They could not locate any legitimate income source for the defendant or his wife." Presentence Investigation Report at 6, J.A. at 66. Mejia was sentenced to ten years of imprisonment, but was released on parole. *Id.* He was on parole when he committed the acts underlying the instant case, which related to a conspiracy to transport 140 kilograms of cocaine from Texas to Ohio. *Id.* at 1, J.A. at 61.

Mejia argues, given that his prior felony conviction was fourteen years old and that the conduct underlying his conviction in the instant case occurred in 1993, that the record does not support the district court's finding that he presently has the ability to pay a fine. As noted by the district court, however, Mejia failed to cooperate with the presentence investigation, declining on the advice of his attorney to provide any information about his employment history or his finances. Mejia bore the burden of showing that he was unable to pay a fine, and having refused to provide requested information, he cannot complain when the district court makes its decision based on the information before it.

Nor are we convinced that the fact that Mejia was provided with court-appointed counsel and interpretive services precludes a finding that he has an ability to pay a substantial fine. While prior decisions about Mejia's ability to afford such services may be relevant in determining whether he has the resources to pay a fine, they are not dispositive. If such determinations precluded the later imposition of a fine, courts might be unduly reluctant to appoint counsel or provide an interpreter. Because the district court did not clearly err in determining that Mejia could pay the fine imposed, the sentence imposed by the district court is AFFIRMED.