MERRITT, Circuit Judge, concurring in part and dissenting in part.
I agree that in determining indigency under 18 U.S.C. § 3014(a), District Courts should examine future earning potential alongside present ability to pay. But nowhere does the majority say whose burden it is to show the fact of indigency or non-indigency. It is defendant's.
The statute specifies that a mandatory $ 5,000 special assessment on non-indigent defendants shall be collected in the same manner as a criminal fine. 18 U.S.C. § 3014(f). The burden is usually on a defendant to establish that he is unable to pay a criminal fine. See generally United States v. Martin , 83 F. App'x 83, 84 (6th Cir. 2003) ("The defendant bears the burden of establishing his present and future inability to pay all or part of a fine."); U.S.S.G. § 5E1.2(a). Other courts have said the defendant's burden of proof in the criminal fine context applies to the special assessment in 18 U.S.C. § 3014(a). See, e.g. , United States v. Streaty , 735 F. App'x 140, 140 (5th Cir. 2018) (per curiam) ("This court has yet to articulate a test for determining whether a defendant is indigent for purposes of § 3014. As such, this court applies the standard that otherwise applies to fines assessed in criminal cases."); United States v. Lail , 736 F. App'x 381, 382 (4th Cir. 2018) (per curiam).
As the majority states, we review decisions to impose criminal fines under an abuse of discretion standard; here there is no discretion to exercise because the special assessment is mandatory. I agree that the determination of indigency under § 3014 is a question of fact we should review for clear error. So the question in this case is whether the District Court clearly erred in determining that the defendant did not meet his burden to show he could not pay. It erred because he has carried that burden. If the defendant had negative $ 1,739 to his name before entering prison, it is unclear to me how 96 months in jail, 72 months of supervised release, and a sex offender designation will enhance his ability to pay down these fines. It was clear error to assume that a man with a $ 200 car and $ 1,939 in unpaid bills can "handle" a $ 5,000 penalty because he is not yet old. Why add another $ 5,000 onto a ledger that will likely never be satisfied?
Predicting a defendant's financial prospects after prison is inherently guesswork. Because this defendant is young, it is reasonable to assume he will work upon release. If we assume that the defendant will find paid work, generate capital, or win the lottery at some point during his post-incarceration life, then why should he avoid paying the $ 5,000 assessment mandated by Congress? But we can make a different series of assumptions. For example, that a long prison sentence will diminish this offender's employability. Or that prison, rather than rehabilitating, will stigmatize him and lower his earning capacity upon release. The latter series of assumptions is grounded in fact whereas the former is grounded in speculation. He has no money now. Assuming he will have money later is not supported by anything in the record.
Other defendants were found non -indigent under this statute because they had assets. In Kelley , the defendant was an Eagle Scout with a college degree. United States v. Kelley , 861 F.3d 790, 802 (8th Cir. 2017). In Lail , the defendant was expected to have a total net worth of $ 74,500 after *762 selling his residence. 736 F. App'x at 382. And in Graves , the defendant possessed a GED, some college education, had a wide range of vocational skills, a long history of employment, and had previously earned $ 40,000 per year. United States v. Graves , 908 F.3d 137, 143 (5th Cir. 2018). The defendant in this case has emergency medical technician training: but who would trust a sex offender in an ambulance? Comparing these defendants and examining the Presentence Report's recitation of the defendant's assets (or lack thereof), I am compelled to conclude that Shepherd is indigent. Because the assumption that Shepherd will have greater financial capacity after prison is not grounded in fact, the District Court clearly erred in finding that Shepherd has not carried his burden to show he is indigent. I am "left with the definite and firm conviction that a mistake has been made." United States v. Jeross , 521 F.3d 562, 569 (6th Cir. 2008).
I also disagree with the majority as to whether the District Court made a finding on indigency. The majority states: "While the district court did not expressly state that Shepherd is 'non-indigent,' it concluded as much when it imposed the $ 5,000 assessment after hearing argument from both sides about Shepherd's finances, education, and employment history." This sentence is confusing because it effectively says that the District Court did not make a finding on indigency-but then says that it did. This confusion arises because the District Court simply ordered that the $ 5,000 penalty be assessed, but did not explicitly state whether the defendant was indigent or not. [R.41, Page ID 2088]. Because the $ 5,000 may only be assessed upon a "non-indigent person," the majority assumes that by applying the assessment, the District Court was necessarily finding that the defendant was such a "non-indigent" person. But that is not what the District Court said. It said only that it was ordering the assessment and that defendant could "handle[ ]" the restitution order. [R.41, Page ID 2088]. This was insufficient.